**Wilbur W. PIPER**

v.

**Charles P. SWAN, Roger T. Riddell, John H. Cary, Ralph K. Adcock, Jr., Earl R. Layman, Individually and as members of the Election Commission for Knox County, Tennessee, David Pack, Individually and as Attorney General of the State of Tennessee, Bernard Waggoner, Individually and as Sheriff of Knox County, Tennessee and Joe C. Fowler, Individually and as Chief of Police of the City of Knoxville, Tennessee.**

Civ. A. No. 7195.

United States District Court,
E. D. Tennessee,
N. D.

Nov. 4, 1970.

Wilbur W. Piper, in pro. per.

Robert H. Roberts, Asst. Atty. Gen., State of Tenn., Knoxville, for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Wilbur W. Piper, Esq. asks that a 1967 amendment to the election laws of Tennessee be declared unconstitutional, that a temporary restraining order issue preventing enforcement of the statute, and that a three-judge district court be convened to make the injunction permanent. Plaintiff claims that he is entitled to such relief because the statute, the last sentence of T.C.A. 2–1218 (1969 Supp.), making it a misdemeanor "to distribute campaign literature of any nature on the same floor of a building, or within one hundred (100) feet thereof, where an election is in progress" violates freedoms of speech and press.

The complaint states:

"The plaintiff has been a citizen and resident of Knoxville, Knox County, Tennessee, and a registered voter since 1928, and at various times has exercised the privilege of going to the polling place where he resides and also elsewhere and particularly the North 16th Ward of the City of Knoxville, and working at elections being held, in behalf of or in opposition to candidates or issues controlled by referendum duly called, and has exercised such right by distributing campaign litera-

ture of various sorts at the polling place, and to the voters and others going to the polling places. Plaintiff avers that his right to work at polling places, by the use of campaign literature of various sorts and by the spoken word, is absolute and not subject to restraint by the statute of Tennessee being challenged herein; that there are more than 90 voting precincts in Knox County, Tennessee, and around 2300 voting precincts in all of the state of Tennessee, and that citizens have exercised the same rights as exercised by plaintiff in all the voting precincts of Knox County and other parts of the state of Tennessee, and that in elections like that being held in the whole state on November 3, 1970, many thousands of citizens exercise the right of speech and the press, in various ways at the polling places. Plaintiff brings this suit, not only in his own behalf, but in behalf of all other persons entitled to use speech and press at polling places, not only in Knox County, but in the entire state of Tennessee."

Jurisdiction allegedly is under 28 U.S. C. § 1343, "Civil rights and elective franchise;" 42 U.S.C. § 1983, *"Civil action for deprivation of rights;"* 28 U.S.C. §§ 2201–2202 pertaining to declaratory judgments, and 28 U.S.C. §§ 2281 and 2284 dealing with three-judge courts.

██ Upon application for the convening of a three-judge court, the single district judge to whom application is made must determine if a substantial constitutional question exists or if the application comes within some other requirement necessary for hearing before three judges, Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Florida Lime and Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed. 2d 568 (1960); Jones v. Branigin, 433 F.2d 576 (C.A. 6, October 21, 1970). If these requirements are not present, the complaint should be dismissed on the merits. A question is unsubstantial when it is obviously without merit or

clearly determined by previous case law. Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

██ Federal courts have held that the Civil War "Civil Rights Statutes," 42 U.S.C. § 1981 et seq., do not allow federal intervention in state election procedures. Participation in state elections is not considered a federally protected right. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Snyder v. Swann, 313 F.Supp. 1267 (E. D.Tenn., 1970). However, federal courts have intervened in election matters to protect First Amendment rights. Mills v. Alabama, 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966). The Court considers the distribution and reception of pamphlets, and more particularly election campaign literature, within the protection of the First Amendment. Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938); Martin v. City of Struthers, 319 U.S. 141, 143, 63 S.Ct. 862, 87 L.Ed. 1313 (1943).

██ In oral argument plaintiff vigorously contended that he had an absolute right to speak to potential voters at any location. Prior decisions do not hold that the freedom of speech is an absolute right. Mr. Justice Holmes wrote, "The most stringent protection of free speech would not protect a man in falsely shouting fire in a theatre and causing a panic." Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L. Ed. 470 (1919). Picketing strikers must be orderly. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). Protest marches cannot disrupt a municipality's scheme of traffic control. Cox v. Louisiana, 379 U.S. 536, 554–555, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).

Plaintiff contends that Mills v. Alabama, supra, supports his position. In *Mills* a newspaper editor published an editorial on the day of the election in violation of an election statute. In holding the statute was a flagrant abridge-

ment of freedom of the press, Mr. Justice Black observed:

"* * * We should point out at once that this question in no way involves the extent of a State's power to regulate conduct in and around the polls in order to maintain peace, order and decorum there. * * *" 384 U. S. p. 218, 86 S.Ct. pp. 1436–1437.

This Court is not aware of any federal decisions restricting the location where campaign literature can be distributed. State courts have approved similar regulations of the polls. One case stated:

"The purpose [of a statute creating a misdemeanor for electioneering within 150 feet of the polls] is to prevent interference with the efficient handling of the voters by the election board and to prevent delay or intimidation of voters entering the polling place by political workers seeking a 'last chance' effort to change their vote." Fish v. Redeker, 2 Ariz.App. 602, 411 P.2d 40 (1966).

See: State v. Black, 54 N.J.L. 446, 24 A. 489, 1021 (1892) approving a 100 foot limitation.

Although Mr. Piper made a fervored and impassioned argument, the Court is constrained to conclude that the complaint fails to raise a substantial constitutional question and must be dismissed.

It is ordered that the complaint be, and same hereby is, dismissed.