**Thomas W. JONES, on behalf of himself and all others similarly situated, Plaintiffs-Appellants,**

v.

**James M. HARE, individually and as Secretary of State of the State of Michigan, Defendant-Appellee.**

No. 20983.

United States Court of Appeals,
Sixth Circuit.

April 5, 1971.

**686**

Thomas W. Jones, in pro. per.

Frank J. Kelley, Atty. Gen., Charles D. Hackney, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., for appellee, on brief.

Before CELEBREZZE, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court, Eastern District of Michigan, of a dismissal with prejudice of an action challenging the constitutionality of certain of the State of Michigan's election laws. Michigan Constitution of 1963 Article V, Section 21, 22; Article VI, Section 19; Article VIII, Section 3, Paragraph 3; Michigan Election Law, Act 116, P.A.1954, as amended, C.L. '48 §§ 168.1 et seq., §§ 52, 53, 55–59, 72–75, 282, 282a, 283–85, 393–95, and 684.

Plaintiff Jones, in his individual capacity and for others similarly situated, contends that Michigan's Election Laws deny non-partisan, independent qualified candidates for certain elective offices —State Governor, Lieutenant Governor, Secretary of State, Attorney General, member of State Supreme Court, member of the State Board of Education, member of the Board of Regents of the University of Michigan, member of the Board of Trustees of Michigan State University, and member of the Board of Governors of Wayne State University—a place on the State's official primary election and general election ballots with nonpartisan, independent status as their only designation.

The Michigan Election Law does provide an official ballot listing as a matter of right for the candidates of political parties which have polled over a certain minimal amount of votes in the last regularly scheduled general election. Michigan's Election laws also provide that any other person may be placed upon the ballot who receives the signatures of at least one percent of the votes cast for the successful candidate for Secretary of State in the last preceding election. As part of the process the Michigan laws impose certain reasonable time limitations and procedural steps including the nominal formation of a so-called "political party." We find that each of these requirements is a reasonable attempt by the State of Michigan to provide ready access to its official ballot to any person who has the support of a minimally significant number of qualified voters. We further find that the procedures utilized by Michigan are drawn to reasonably insure the effectuation of its legitimate regulation of an open election, and that such procedures do not impose any inherently discriminatory conditions upon access to the ballot nor do they place an unreasonably heavy burden on those persons who seek to represent minor "polit-

ical parties." *See* Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970); Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

Appellant has made similar contentions to the instant case in Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970). We believe that it is manifest that the questions on which the decision of this Court depends are so unsubstantial as not to need further argument. Rule 8, Rules of the United States Court of Appeals for the Sixth Circuit.

Affirmed.