UNITED STATES of America, Plaintiff-Appellee,

v.

W. H. COHAN, Municipal Superintendent of Hinesville, Georgia, et al., Defendants,

W. H. Cohan, et al., B. Gene Mobley, Defendants-Appellants.

No. 72–1355.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1972.

Charles M. Jones, Donald H. Fraser, Hinesville, Ga., for defendants-appellants.

Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., Harry C. Piper, IV, Walter Gorman, John Crawford Hoyle, Attys., U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

AINSWORTH, Circuit Judge:

The United States filed this complaint pursuant to section 5 and section 12(d) of the Voting Rights Act of 1965, 42 U. S.C. §§ 1973c, 1973j(d), and 28 U.S.C. § 2201, seeking a declaration that implementation of the new voting procedures for election of municipal officials in Hinesville, Georgia, adopted by the state legislature in an amendment to section 6 of the charter of said city,[1] violated section 5 of the Voting Rights Act; further, that an appropriate order be entered requiring that new elections be held in accordance with procedures not in violation of section 5.

The Government also requested convening of a three-judge court to hear this action, pursuant to 28 U.S.C. §§ 2201, 2284 and section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. The District Judge denied the request for a three-judge court and proceeded to hear the case and ultimately determine that the election of the city councilmen to four-year terms on October 6, 1971 was unlawful since the Attorney General had interposed an objection to the procedures prior to the holding of the election.[2]

We are without jurisdiction to entertain this appeal because section 5 of the Act requires that "[a]ny action under this section shall be heard and determined by a court of three judges in accordance with provisions of section 2284 and any appeal therefrom shall lie to the Supreme Court." 42 U.S.C. § 1973c. See Allen v. State Bd. of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); Perkins v. Matthews, 400 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971). The Supreme Court said in Allen:

In drafting § 5, Congress apparently concluded that if the governing authorities of a State differ with the Attorney General of the United States concerning the purpose or effect of a change in voting procedures, it is inappropriate to have that difference resolved by a single district judge. The clash between federal and state power and the potential disruption to state government are apparent.

393 U.S. at 562, 89 S.Ct. at 830. Perkins emphasized that the three-judge court should only consider the initial question as to the coverage of section 5, not the substantive questions as to the possible discriminatory purpose or effects of the voting procedures.

The District Court denied the prayer for a three-judge court by simply citing Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967); Ellis v. Mayor and City Council of Baltimore, 5

---

1. Acts and Resolutions of the General Assembly of the State of Georgia, p. 3932 (1971), amends the Charter of the City of Hinesville to read in relevant part:
   In order to be nominated for or elected to the office of . . . councilman, a candidate shall receive a majority of the votes cast for such office. Positions on the council shall be numbered 1 through 5, respectively. A candidate shall designate by number that position on the council for which he offers for election at the time of his qualification.

2. The letter justified the objection by stating:
   Based on all the available facts and circumstances, we are unable to conclude, as we must under the Voting Rights Act, that these changes will not have a discriminatory racial effect on voting.

Cir., 1965, 352 F.2d 123; Oliver v. Mayor and Councilmen of the Town of Savannah Beach, 5 Cir. 1965, 346 F.2d 133; and Strickland v. Burns, M.D. Tenn., 1966, 256 F.Supp. 824. These cases interpreted the three-judge requirement of 28 U.S.C. § 2281, which is concerned with state statutes of statewide application, and held that a three-judge court is unnecessary when legislation of purely local concern is involved. The matter we review is of purely local concern,[3] but the case deals with a specific statute, the Voting Rights Act of 1965, section 5 thereof, 42 U.S.C. § 1973c, which applies not only to action by the state but also action by any "political subdivision" of the state, and requires a three-judge court for "[a]ny action under this section."

Appellants suggest the application of Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), which considered 28 U.S.C. § 2281's requirement that a three-judge court be convened before granting an injunction against a state statute upon the ground of unconstitutionality. In *Bailey* the Supreme Court deemed a three-judge court unnecessary where the attack on the constitutionality of the state statute was wholly insubstantial since prior decisions made frivolous any claim that the state statute on its face was not unconstitutional. 369 U.S. at 35, 82 S.Ct. at 551. That is not the situation here and *Bailey* is therefore inapposite.

The following important questions concerning the application of section 5 in the present case obviate the need to decide whether the doctrine of *Bailey* can be applied by analogy: first, whether the change from an at-large election of five councilmen to an election whereby each candidate files for one of five numerical posts, is a "different" voting procedure within the meaning of 42 U.

S.C. § 1973c (see *Perkins*, 400 U.S. at 384–386, 91 S.Ct. at 434–435); and second, whether the Attorney General need only object to the procedure without justifying his objection. These are substantial issues which require three-judge consideration and determination.[4]

We are mindful of the burden that three-judge courts place on the federal judiciary and we would not add to it. Under these circumstances, however, we are obliged to remand this matter to the District Court for the convening of a three-judge court and trial and decision by such court.

Appeal dismissed; remanded for further proceedings.

---

3. Acts and Resolutions of the General Assembly of the State of Georgia, p. 3932 (1971).

4. Though the City of Hinesville through its City Attorney applied to the Attorney General for approval of its new voting procedures, it is not clear that by this action appellants concede the applicability of section 5.