MORALES *v.* TURMAN ET AL.

No. 76–5881.   Decided March 21, 1977

PER CURIAM.

The motion of American Orthopsychiatric Association et al. for leave to file a brief as *amici curiae* is granted.

This case from the United States Court of Appeals for the Fifth Circuit involves the proper scope of three-judge-court jurisdiction under 28 U. S. C. § 2281.* Petitioners brought suit challenging allegedly unconstitutional punitive and inhumane conditions in Texas institutions housing juvenile delinquents, and the failure to provide juveniles with

---

*Public Law 94–381, Aug. 12, 1976, 90 Stat. 1119, prospectively repealed 28 U. S. C. § 2281.   For cases pending at the time of repeal, § 2281 still governs jurisdiction, and provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

the rehabilitation or treatment that justified their confinement. A single District Judge determined that the juveniles' constitutional rights had been violated, and ordered the parties to submit a curative plan. The Court of Appeals vacated the District Court's decision on the ground that a three-judge court should have been convened in accordance with § 2281. 535 F. 2d 864 (1976).

The appellate court reasoned that the challenged, unwritten practices of the juvenile institutions administered by the Texas Youth Council were revealed during trial to be statewide in impact and that therefore they were equivalent to a statute with statewide applicability within the meaning of § 2281. Under the Court of Appeals' analysis, the necessity of convening a three-judge court was thus not properly apparent until considerable factual development of the breadth and content of the Texas Youth Council's administrative practices had taken place.

In construing § 2281, this Court has concluded that the three-judge court procedure is brought into play in any "suit which seeks to interpose the Constitution against enforcement of a state policy, whether such policy is defined in a state constitution or in an ordinary statute or through the delegated legislation of an 'administrative board or commission.' " *Phillips* v. *United States*, 312 U. S. 246, 251 (1941). We have never, however, considered the generalized, unwritten practices of administration to be equivalent to the "delegated legislation" of an administrative board. In fact that approach was specifically rejected in *Baxter* v. *Palmigiano*, 425 U. S. 308 (1976), involving a challenge brought in a single-judge court to the Rhode Island prison system's unwritten rule forbidding counsel at disciplinary hearings. In rejecting the argument that a three-judge court was necessary to resolve that challenge, we noted that the complaint did not meet the threshold requirements of § 2281 jurisdiction; it "did not mention or challenge any rule or regulation of the

Authority; nor did it seek an injunction against the enforcement of any identified rule." 425 U. S., at 313 n. 2. That description applies equally to the complaint in this case.

The ruling in *Baxter* merely reflected the consistent recognition that the three-judge court procedure is not "a measure of broad social policy to be construed with great liberality, but . . . an enactment technical in the strict sense of the term and to be applied as such." *Phillips* v. *United States, supra,* at 251; see also *Gonzalez* v. *Automatic Employees Credit Union,* 419 U. S. 90, 98 (1974). The Court of Appeals' ruling improperly deviated from that understanding, and in addition it effectively transformed the jurisdictional inquiry from a threshold question to one depending upon the shifting proof during litigation, injecting intolerable uncertainty and potential delay into important litigation.

Accordingly we hold that the single District Judge properly exercised jurisdiction to decide this case, and that his judgment is reviewable on the merits in the Court of Appeals. See 28 U. S. C. § 1291. The petition for a writ of certiorari and the motion for leave to proceed *in forma pauperis* are granted, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*