**Beaty Mae GILLIARD, et al., Plaintiffs,**

v.

**Phillip J. KIRK, et al., Defendants.**

**Civ. A. No. 2660.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 9, 1985.

Shelley Blum, Donald A. Gillespie, Jr., Marvin B. House and James A. Long, IV, Legal Aid Soc. of Mecklenburg County, Charlotte, N.C., Jane R. Wettach, East Cent. Community Legal Services, Raleigh, N.C., Lucie E. White, Jean M. Cary, Civil Legal Assistance Clinic, UNC School of Law, Chapel Hill, N.C., for plaintiffs.

James O. Cobb, Ruff, Perry, Bond, Cobb & Wade, Charlotte, N.C., for defendants Kuralt and Mecklenburg County Dept. of Social Services.

L.P. Covington, Staff Atty., and Steven Shaber, North Carolina Dept. of Justice, Raleigh, N.C., for all other defendants.

### ORDER

McMILLAN, District Judge.

Defendants have filed a motion for a three-judge court, pursuant to 28 U.S.C. § 2281, repealed in 1976, to hear the merits of plaintiffs' motion for further relief and defendants' motion for relief from judgment. At the time this case was heard and judgment was entered in 1971, 28 U.S.C. § 2281 provided:

An interlocutory or permanent injunction restraining the enforcement, operation or

execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by the administrative board or commission acting under state statute, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under Section 2284 of this title.

The present statute requiring three-judge courts in certain voting rights cases does not apply. 28 U.S.C. § 2284.

The complaint was filed on May 5, 1970. The case was assigned to this judge, who requested a three-judge court to decide the merits of the case, pursuant to 28 U.S.C. § 2281. The complaint raised constitutional challenges to defendants' practice of calculating AFDC (Aid to Families with Dependent Children) benefits by presuming that child support payments belonging to one or more, but not all, members of the family were available to the entire family.

After a hearing on the merits, the three-judge court, two to one, held that defendants' practice violated the Social Security Act. An injunction was entered against defendants. The decision was affirmed by the Supreme Court on direct appeal in 1972, *Gilliard v. Craig*, 331 F.Supp. 587 (W.D.N.C.1971), 409 U.S. 807 (1972). The constitutional grounds raised by plaintiffs were never reached by the court; the decision was made on statutory grounds only. Therefore, in retrospect, the three-judge court was not required for the decision that was made, although it was warranted by the *constitutional claims.*

This court entered an order on October 17, 1974, finding that defendants had complied with the injunction.

There was no activity in the case between October of *1974* and May 30, *1985*, when plaintiffs filed a motion for further relief, raising both statutory and constitutional grounds. Plaintiffs allege that defendants have resumed the enjoined practice. Defendants have moved for relief

from the judgment, arguing that an amendment to the Social Security Act, effective October 1, 1984, 42 U.S.C. § 602(a)(38), requires them to reinstitute the enjoined practice. Plaintiffs say that the statute does not require such a result and that if it does, the statute is unconstitutional.

Defendants contend that because a three-judge court decided the issues in the original proceedings, only a three-judge court can decide subsequent questions in this action. They rely upon that portion of the legislation repealing 28 U.S.C. § 2281, which states that the repeal does not "apply to any action commenced on or before the date of enactment." Pub.L. 94–381, § 7, 90 Stat. 1120, quoted in *United States v. State of Texas*, 523 F.Supp. 703, 728 (E.D.Tex.1981).

The legislative history of the repealing bill shows a thorough dissatisfaction with the operation of three-judge courts, finding the procedure to be confusing and inefficient. The Senate report states that "three-judge court procedure has recently been termed by one scholar, 'the single worst feature in the Federal judicial system as we have it today.' It has imposed a burden on the Federal courts and has provided a constant source of uncertainty and procedural pitfalls for litigants." Leg. History, Act of August 12, 1976, Pub.L. 94–381, 1976 U.S.Code of Cong. and Ad.News (90 Stat.), pp. 1988–89.

The Senate reports explains the savings clause as follows:

This section provides that the act shall not apply to any action commenced on or before the date of enactment. It is merely added to make clear that cases filed prior to the enactment of this bill *shall proceed to final disposition under the law existing on the date they were commenced.* (Emphasis added.)

*Id.* at 2001.

The Supreme Court *in dicta* has characterized the savings clause as applying to actions "filed before repeal" on or before the date of enactment (*Rostker v. Goldberg*, 453 U.S. 57, 62, n. 2, 101 S.Ct. 2646,

2650, n. 2, 69 L.Ed.2d 478 (1981) ) and alternatively to actions "pending" on the date of repeal (*Morales v. Turman,* 430 U.S. 322, n.*, 97 S.Ct. 1189, n.*, 51 L.Ed.2d 368 (1977) ).  Defendants are correct that technically this action was "commenced" and that suit was filed prior to 1976.  However, it can not be said to have been "pending" in 1976.  The case had reached final disposition in 1972, when the Supreme Court affirmed the decision of the three-judge court.  An order finding compliance was filed in 1974.  There was no activity between 1974 and 1985.  Given the legislative history showing an intent to allow commenced actions to proceed to *final disposition* under the law at the time of filing, the court concludes that the savings clause does not apply to this action, in which final disposition was made in 1972.

This interpretation of the savings clause is consistent with case law.  *See, e.g., United States v. State of Texas, supra;  Concerned Citizens of Vicksburg v. Sills,* 567 F.2d 646 (5th Cir.1978).  *Citizens of Vicksburg* is especially instructive for this case.  The court there remanded a decision of a three-judge court which had dismissed the complaint.  However, because the appellate decision was made after the repeal of 28 U.S.C. § 2281, the court noted that a single judge could address the issues on remand.  *Citizens of Vicksburg,* 567 F.2d at 648, n. 1.  The cases cited by defendants, *see, e.g., Rostker, supra;  Gary-Northwest Indiana Women's Service v. Bowen,* 496 F.Supp. 894 (N.D.Ind.1980), *aff'd.* 451 U.S. 934, 101 S.Ct. 2012, 68 L.Ed.2d 321 (1981), do not squarely address the issue of the application of 28 U.S.C. § 2281 to cases in which a *final judgment* was entered prior to the repealing legislation.

The issue raised in the present motions, the effect and constitutionality of a 1984 amendment to the Social Security Act, was, of course, never raised before the three-judge court sitting in 1971.  The fact that the issue now presented could not have been considered at the time of the repeal of 28 U.S.C. § 2281 in 1976 further militates against applying the savings clause to the present dispute.  *See, e.g., United States v. State of Texas,* 523 F.Supp. at 728, n. 11.

This case was not pending at the time of repeal of 28 U.S.C. § 2281, and the issues now raised were never before the three-judge court nor were they addressed by the three-judge court.  Legislative history and case law show that the savings clause relied upon by defendants should be applied narrowly.  The court therefore finds that a three-judge court is not required for the present motions.

IT IS THEREFORE ORDERED that defendants' motion for a three-judge court pursuant to 28 U.S.C. § 2281 is DENIED.