**Myron A. HAMILTON, Plaintiff,**

v.

**Gary MENGEL, Kent Price, The State Tax Commission, David L. Wilkinson, Gary Thorup, Ted Cannon and Roger Blaylock, Defendants.**

**Civ. No. C–85–1160W.**

United States District Court, D. Utah, C.D.

March 6, 1986.

Myron A. Hamilton, pro se.

Leonard E. McGee, Gary Thorup, Asst. Attys. Gen., Salt Lake City, Utah, for defendants Mengel, Price, State Tax Com'n, Wilkinson and Thorup.

Roger Livingston, Salt Lake Co. Atty's Office, Salt Lake City, Utah, for defendants Cannon and Blaylock.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter was heard by the court on February 28, 1986. Argument was heard on plaintiff's motion for an injunction and restraining order, on plaintiff's motion to convene a three judge court and on a motion for summary judgment filed by defendants Gary Mengel, Kent Price, the State Tax Commission, David Wilkinson and Gary Thorup (hereinafter the "state defendants"). Mr. Leonard E. McGee and Gary Thorup appeared on behalf of the state defendants and Mr. Roger Livingston appeared on behalf of defendants Ted Cannon and Roger Blaylock (the "county defendants"). The plaintiff, Mr. Myron Hamilton, appeared pro se. Following oral argument, the court considered carefully the oral and written arguments of the parties and the various authorities cited therein and now, being fully advised, renders the following decision and order.

### Background

Plaintiff, Myron A. Hamilton ("Hamilton") brought this action against the Utah State Tax Commission and various government officials claiming violation of his constitutional rights and abuse of process in connection with the defendants' attempts to enforce the tax laws of the state of Utah. Hamilton requested an award of compensatory damages pursuant to 42 U.S.C. § 1983 and an award of costs and legal fees pursuant to 42 U.S.C. § 1988.[1] Hamilton also sought a declaratory judgment that all of the defendants have unconstitutionally sought to deprive him of his

---

1. By order dated January 8, 1986, this court dismissed plaintiff's claims for damages against the county defendants on grounds of prosecutorial immunity.

liberty. In addition, he sought an injunction against "further interference, erroneous persecution, investigation, intimidation, evasion, scandal and infringements upon liberty."

### Discussion
#### *Injunctive Relief*

Mr. Hamilton requests an injunction restraining the defendants from enforcing state tax laws against him. Specifically, Hamilton asserts that an investigation has been instituted by the defendants in order to determine whether he has violated any provisions of Utah Code Ann. § 59–14A–92. It is this investigation which Hamilton seeks to enjoin. The state defendants cite the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and the provisions of the Federal Anti-Injunction Act, 28 U.S.C. § 2283 as reasons why this court cannot grant such an injunction.

■ A review of abstention doctrine convinces us that this case does not fall within the exceptions to that doctrine and therefore any interference by this court with the state investigation against Mr. Hamilton would be improper. As the Supreme Court stated in *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971):

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

401 U.S. at 85, 91 S.Ct. at 677.

■ A careful review of the record fails to disclose that plaintiff has made the showing of irreparable injury necessary to justify federal injunctive relief against a pending state investigation. Therefore, his motion for injunctive relief must be denied.[2]

#### *Three Judge Court*

■ Hamilton also moved, pursuant to 28 U.S.C. § 2284, for the convening of a three judge court in this case. 28 U.S.C. § 2284 provides in relevant part:

> Three-judge court; when required; composition; procedure
>
> (a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of any statewide legislative body....

Because this action does not involve the apportionment of congressional districts or of any statewide legislative body and because plaintiff has not demonstrated any Act of Congress requiring convening of a three judge court in cases such as this, plaintiff's motion for a three judge court must be denied.

#### *Defendants' Motion for Summary Judgment*

The state defendants have moved for summary judgment on grounds of immunity from suit. They specifically allege immunity for the State Tax Commission under the Eleventh Amendment to the Constitution of the United States and immunity for the other defendants under the good faith immunity doctrine enunciated by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Plaintiff disagrees. He contends that any immunity under the Civil Rights Acts is of a very limited nature and that

---

**2.** It is not clear from plaintiff's complaint or his Memorandum in Support of his Motion for Injunction whether or not he seeks an injunction restraining the defendants from collecting any tax owed by the plaintiff to the State of Utah. If he is, such injunction would be prohibited by the language of 28 U.S.C. § 1341 which provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection

> of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

Because plaintiff has not yet fully exhausted his state administrative or judicial remedies with regard to the assessment or collection of any state tax, he is not entitled to an injunction restraining the collection of such tax.

state laws on immunity of public servants are not controlling.

A careful examination of the relevant authority convinces us that the state defendants are immune from suit and that their motion for summary judgment must therefore be granted.

 The Utah State Tax Commission, as an agency of the State of Utah, is entitled to the immunity guaranteed states under the Eleventh Amendment. This immunity can only be waived by the state itself and Utah has not chosen to waive its immunity for the type of claims alleged in this suit. Utah Code Ann. § 63–30–10(5) specifically retains immunity for the state and its agencies for any claims arising out of the institution of any judicial or administrative proceeding. Utah Code Ann. § 63–30–10(8) specifically retains immunity for any claim arising out of the collection or assessment of taxes.

The other state defendants are also immune. In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that public officials who exercise discretionary functions should not be held accountable in an action under 42 U.S.C. § 1983 unless they violated clearly established law. Such officials are thus cloked with an immunity when their actions are taken in good faith. An examination of the defendants' actions and the laws under which they were operating convince us that defendants meet the good faith requirement for immunity.[3]

### Fees and Costs

Defendants also ask this court to award attorney's fees and costs expended herein pursuant to 42 U.S.C. § 1988. Such an award lies within the discretion of the trial court. We decline to exercise that discretion in favor of awarding fees and costs to the defendants in this case.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for injunctive relief is denied,

IT IS FURTHER ORDERED that the plaintiff's motion to convene a three judge court is denied,

IT IS FURTHER ORDERED that the state defendants' motion for summary judgment is granted,

IT IS FURTHER ORDERED that the state defendants' motion for an award of fees and costs is denied.

---

**3.** The constitutionality of Utah Code Ann. § 59–31–7, which defendants were attempting to enforce against plaintiff, has been upheld by the Utah Supreme Court. *See State Tax Commission v. Looney,* 696 P.2d 1206 (Utah 1985). Similarly, the way in which the defendants interpreted the availability of the fifth amendment privilege in plaintiff's case has been upheld as constitutional by a number of courts. *See e.g., United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *United States v. Carlson,* 617 F.2d 518 (9th Cir.) *cert. denied* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980); *First Federal Savings & Loan v. Schamanek,* 684 P.2d 1257 (Utah, 1984).