**Ezell ARMOUR, et al.,
Plaintiffs–Appellants,**

v.

**The STATE OF OHIO, et al.,
Defendants–Appellees.**

No. 88–4040.

United States Court of Appeals,
Sixth Circuit.

Reargued Dec. 5, 1990.

Decided Feb. 15, 1991.

Percy Squire (argued), Bricker & Eckler, Columbus, Ohio, Robert A. Douglas, Sr., Youngstown, Ohio, for plaintiffs-appellants Ezell Armour, Isadore Blakeny and Abdullah Mustafi Ali.

Theresa Rittinger Schaefer, Catherine M. Cola and Andrew I. Sutter (argued), Asst. Attys. Gen., Office of Atty. Gen. of Ohio, Columbus, Ohio, for defendants-appellees State of Ohio, Ohio Apportionment Bd., Richard F. Celeste, Governor, Sherrod Brown, Thomas E. Ferguson, J. Barney

Wuilter and Michael A. Fox, Representatives.

Gordon M. Strauss, Thompson, Hine & Flory, Cincinnati, Ohio, for amicus curiae Ohio Republican State Cent. and Executive Committee.

Benjamin L. Ginsberg, Washington, D.C., for amicus curiae Republican Nat. Committee.

Brenda Wright, Lawyers' Committee of Civ. Rights, Washington, D.C., for amicus curiae Lawyers' Committee for Civ. Rights Under Law.

Before MERRITT, Chief Judge, KEITH, KENNEDY, MARTIN, JONES, KRUPANSKY, MILBURN, GUY, NELSON, RYAN, BOGGS, NORRIS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge *.

MERRITT, Chief Judge.

We conclude in this legislative reapportionment case from Ohio that the District Court should have invoked the procedures established in 28 U.S.C. § 2284 for convening a district court of three judges, and we therefore reverse the judgment of the District Court and remand with instructions for the District Court to follow the procedures set out for convening such a court.

In 1988, plaintiffs filed this action challenging the fragmentation and division of the black vote in Mahoning County, Ohio (Youngstown) in state legislative districts 52 and 53 of the Ohio House of Representatives. They contend that a line drawn between these two legislative districts splits and dilutes the voting strength of a community of black voters in violation of the 14th and 15th Amendments and Section 2 of the Voting Rights Act, 42 U.S.C. § 1973. After assigning the case to a magistrate for trial and recommendations under 28 U.S.C. § 636, the District Court dismissed the case, adopting the Magistrate's proposed findings of fact and conclusions of law. It concluded that the plaintiffs could not maintain their constitutional or statutory claims because the black voters were too few in number to constitute a majority

of the voters of either district, however the lines of the two districts may be drawn. The District Court reasoned that the plaintiffs must be able to show such a potential majority in order to establish their constitutional and statutory claims. It attached no legal significance to the fact that a candidate may be elected to the office of state representative in Ohio by a plurality of the votes cast.

■ Rather than assigning the case to a magistrate under § 636, the District Court should have invoked the provisions of § 2284 which provides that "[a] district court of three judges *shall* be convened ... when an action is filed challenging the constitutionality ... of the apportionment of any statewide legislative body." (Emphasis added.) The Ohio House of Representatives is such a body. The theories of liability and the proof underlying both the constitutional and statutory claims are intimately related, and the normal method of adjudicating such claims is by a three-judge district court convened under § 2284. *See Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986). A unanimous Supreme Court referred to "[s]ubject matter of this kind [as] regular grist for the three-judge court." *Chapman v. Meier*, 420 U.S. 1, 14, 95 S.Ct. 751, 759, 42 L.Ed.2d 766 (1975). Justice Harlan observed in an earlier Voting Rights case:

> While I consider the question of whether § 5 authorizes a three-judge court a close one, it is clear to me that we would not avoid very many three-judge courts whatever we decide [under the Voting Rights Act] ... [G]enerally a plaintiff attacking a state statute ... could also make at least a substantial constitutional claim that the state statute is discriminatory in its purpose or effect. Consequently, in the usual case a three-judge court would always be convened under 28 U.S.C. § 2281 ...

*Allen v. State Board of Elections*, 393 U.S. 544, 583 n. 1, 89 S.Ct. 817, 840 n. 1, 22 L.Ed.2d 1 (1969) (Harlan, J., concurring and dissenting). *See also Sullivan v. Crowell*,

* The Honorable Harry W. Wellford assumed senior status January 21, 1991.

444 F.Supp. 606, 615 n. 6 (W.D.Tenn.1978) (three-judge court) (discussing scope of jurisdiction granted three-judge court in apportionment cases).

█ Although § 2284 seems to contemplate "the filing of a request for three judges" by a party and a determination by the district judge of the need for such a court, the "shall" language of the statute quoted above appears to make the convening of such a court a jurisdictional requirement once it becomes clear that there exists a non-frivolous constitutional challenge to the apportionment of a statewide legislative body. Our test for "non-frivolousness" requires that the district court determine whether a substantial constitutional claim exists as a prerequisite to the convening of a three-judge court, but the district court's task is limited. *See Jones v. Branigin*, 433 F.2d 576 (6th Cir.1970), *cert. denied*, 401 U.S. 977, 91 S.Ct. 1205, 28 L.Ed.2d 327 (1971). A claim is unsubstantiated only when it is obviously without merit or clearly determined by previous case law.[1] *Ex parte Poresky*, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933); *Piper v. Swan*, 319 F.Supp. 908 (E.D.Tenn.1970). Moreover, the sufficiency of the complaint for three-judge jurisdictional purposes must be determined by the claims stated in the complaint and not by the way the facts turn out. *See Morales v. Turman*, 430 U.S. 322, 324, 97 S.Ct. 1189, 1190, 51 L.Ed.2d 368 (1977); *Calloway v. Briggs*, 443 F.2d 296, 298 (6th Cir.), *cert. denied*, 404 U.S. 916, 92 S.Ct. 230, 30 L.Ed.2d 190 (1971).

Thus, we read the language of the statute as giving the district judge a limited jurisdiction to determine whether such a case shall be heard by one judge and then appealed to the court of appeals or heard by a three-judge district court and then appealed to the Supreme Court under 28 U.S.C. § 1253. The statute does not give a district court or a court of appeals a broad discretion to choose between a single judge or a three-judge court. *See Hamilton v. Mengel*, 629 F.Supp. 1110, 1112 (D.Utah 1986) (emphasizing mandatory nature of § 2284). Other circuits have employed similar reasoning in voting rights cases that require a three-judge court under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c. *See Backus v. Spears*, 677 F.2d 397, 400 (4th Cir.1982); *United States v. Cohan*, 470 F.2d 503, 504–05 (5th Cir.1972); *East Flatbush Election Comm. v. Cuomo*, 643 F.Supp. 260, 263 (E.D.N.Y.1986) (three-judge court); *Cavanagh v. Brock*, 577 F.Supp. 176, 180 n. 3 (E.D.N.C.1983) (three-judge court). Each court concluded that the language of § 5, like the language of § 2284, is mandatory and that it had no choice in the matter beyond the necessary threshold determination. We find this reasoning persuasive. Accordingly, the judgment of the District Court is REVERSED, and we remand the case with instructions to follow the procedures set out for convening a three-judge district court.

KENNEDY, Circuit Judge, concurring in part and dissenting in part.

I agree with Judge Merritt that the constitutional claim must be heard by a three judge court. However, I would address the merits of the Section 2 Voting Rights Act claim, 42 U.S.C. § 1973. When a plaintiff asserts both a constitutional claim and a statutory claim that is within the jurisdiction of a single district judge, that judge may resolve the statutory claim. *Hagans v. Lavine*, 415 U.S. 528, 543–44, 94 S.Ct. 1372, 1382–83, 39 L.Ed.2d 577 (1974). The district judge has passed on the statutory claim which she had jurisdiction to consider. I express no opinion at this time as to the correctness of that decision.

ALAN E. NORRIS, Circuit Judge, concurring in part and dissenting in part.

I agree with Chief Judge Merritt that the constitutional claim must be heard by a

---

1. For example, the Fourth Circuit rejected a request for a three-judge court in a challenge made under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, because an earlier decision foreclosed the bulk of the plaintiffs' claims, and the remaining portion was unsubstantial. The Fourth Circuit noted that "[b]are conclusions of unconstitutionality are not enough." *Simkins v. Gressette*, 631 F.2d 287, 295 (4th Cir.1980); *Webber v. White*, 422 F.Supp. 416, 429 (N.D.Texas 1976). *See also Jones v. Hare*, 440 F.2d 685 (6th Cir.), *cert. denied*, 404 U.S. 911, 92 S.Ct. 237, 30 L.Ed.2d 184 (1971) (dismissing challenge to Michigan election law as without merit). Plaintiffs' case is not in either category.

three-judge court. And, while I agree with Judge Kennedy that the district judge had jurisdiction to consider the statutory claim, I would affirm the district judge's decision on that claim for many of the same reasons given by Judge Guy in support of his dissent filed with the vacated panel opinion in this cause (reported in Advance Sheet only at 895 F.2d 1078).