PER CURIAM: *
Plaintiffs-Appellants LULAC of Texas, the Mexican American Bar Association of Houston, Texas, and several individuals who reside in various Texas senatorial districts appeal from the dismissal by a single-judge district court of their claims under Section 5 of the Voting Rights Act against Defendants-Appellees the State of Texas and the Texas Democratic Party (the “Party”), contending that the judge should have referred their claims to a three-judge court. Plaintiffs’ suit challenges the Party’s method of allocating delegates to its nominating conventions based on raw voter turnout, a procedure that was not precleared by the United States Attorney General or the District Court for the District of Columbia. Reviewing the dismissal de novo, see In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007), we AFFIRM the dismissal for the State, REVERSE the dismissal for the Party, and REMAND for the following reasons:
1. We agree with Plaintiffs that the district judge’s finding of no discrimination against Latino voters resulting from the Party’s delegate-allocation method does not support dismissal of their § 5 claim against the Party. Section 5 preclearance actions generally must be resolved by a three-judge court, whose decision is appealable only to the Supreme Court. See 42 U.S.C. § 1973c; LULAC v. Texas, 113 F.3d 53, 55 (5th Cir.1997) (per curiam). Since the challenged practice was not precleared, the inquiry by a *263 three-judge district court is limited to whether § 5 covers a contested change, and, if so, the appropriate remedy. Lopez v. Monterey County, 519 U.S. 9, 23, 117 S.Ct. 340, 349, 136 L.Ed.2d 273 (1996). The coverage issue turns on: (1) whether the delegate-allocation method is a “ ‘standard, practice, or procedure with respect to voting’ within the meaning of § 5,” Dougherty County, Ga., Bd. of Educ. v. White, 439 U.S. 32, 33-34, 99 S.Ct. 368, 370, 58 L.Ed.2d 269 (1978); (2) whether the method constitutes a “change” to the covered jurisdiction’s baseline, i.e., “the most recent practice that was both precleared and ‘in force or effect’—or, absent any change since the jurisdiction’s coverage date, the practice that was ‘in force or effect’ on that date,” Riley v. Kennedy, — U.S. -—, 128 S.Ct. 1970, 1982, 170 L.Ed.2d 837 (2008) (internal citation omitted); and (3) whether the Party is a “political subdivision” subject to § 5, Dougherty County, 439 U.S. at 34, 99 S.Ct. at 370. Thus, even a three-judge court cannot assess the discriminatory impact of the challenged method; that determination is reserved for the United States Attorney General or the District Court for the District of Columbia. See Lopez, 519 U.S. at 23, 117 S.Ct. at 348-19 (“On a complaint alleging failure to preclear election changes under § 5, th[e] [three-judge district] court lacks authority to consider the discriminatory purpose or nature of the changes.”).
2. Nor can dismissal be affirmed on the alternative ground that the Party is not a “political subdivision” subject to § 5’s preelearance requirement. When determining whether to convene a three-judge court, a single district judge may dismiss a § 5 claim that is “ ‘wholly insubstantial’ and completely without merit, such as where the claim[][is] frivolous, essentially fictitious, or determined by prior case law.” LULAC, 113 F.3d at 55 (internal citation omitted). As the Party concedes, the Supreme Court has not resolved whether and under what circumstances the Voting Rights Act requires a political party to obtain preclearance of internal party rules, and in fact has extended § 5’s requirement to a political party’s imposition of a registration fee for delegates to the party’s state nominating convention. See generally Morse v. Republican Party of Va., 517 U.S. 186, 116 S.Ct. 1186, 134 L.Ed.2d 347 (1996) (plurality opinion). Without binding precedent clearly foreclosing Plaintiffs’ contention that § 5 applies to the Party’s delegate allocation method, it cannot be said that the claim is wholly insubstantial or frivolous. See Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 859, 35 L.Ed.2d 36 (1973) (“A claim is insubstantial only if its soundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject .(internal quotation marks and citation omitted)); cf. LaRouche v. Fowler, 152 F.3d 974, 975-77, 983-86, 998 (D.C.Cir.1998) (concluding that Morse did not clearly and inescapably foreclose the plaintiffs § 5 challenge to a party rule conditioning eligibility as a presidential nominee on the chairman’s determination that the candidate is a bona-fide party member, and reversing its dismissal by a single-judge district court). '
*264 3. For similar reasons, we reject the Party’s assertion that its delegate-selection process is not justiciable. None of the authorities cited by the Party involves a § 5 challenge, and the Party’s assertion that its internal procedures are exempt from judicial review merely reprises its contention that the preclearance requirement does not apply to its delegate-allocation rule—an issue that must be resolved by a three-judge district court.
4. Plaintiffs have not waived their present request for a three-judge court by failing to move for one below. Section 5 incorporates 28 U.S.C. § 2284, which prescribes, “[a] district court of three judges shall be convened, when otherwise required by Act of Congress....” 28 U.S.C. § 2284(a) (emphasis added). We agree with our sister circuits that the term “shall” in § 2284 is mandatory and jurisdictional. See Kalson v. Paterson, 542 F.3d 281, 287 (2d Cir.2008) (apportionment case); Armour v. Ohio, 925 F.2d 987, 989 (6th Cir.1991) (en banc) (same). Although the 1976 amendment to § 2284 reduced the categories of cases subject to the three-judge requirement, nothing in the legislative history suggests an intent to alter its jurisdictional nature. See Kal-son, 542 F.3d at 287. The absence of a formal request for a three-judge court does not constitute waiver.
4. Lastly, whether Plaintiffs unreasonably delayed their challenge to a procedure adopted by the Party in 1988 arguably affects the appropriate remedy if coverage is found.by the three-judge court, but it does not provide grounds for dismissal. See Brooks v. State Bd. of Elections, 775 F.Supp. 1470, 1474-75, 1481 (S.D.Ga.1989) (three-judge court) (per curiam) (concluding that equitable arguments can be considered “only in the limited context of fashioning an appropriate remedy,” and refusing to “equitably preclear” the changes based on laches), aff'd mem., 498 U.S. 916, 111 S.Ct. 288, 112 L.Ed.2d 243 (1990). Having found no basis in the record supporting the district judge’s ruling, we reverse the dismissal of Plaintiffs’ § 5 claim against the Party and remand for the convening of a three-judge court.
5. Plaintiffs’ § 5 claim against the State for a voting procedure that it neither enacted or administered, however, was properly dismissed. Section 5 states, “[wjhenever a [covered] State or political subdivision ... shall enact or seek to administer any ... standard, practice, or procedure with respect to -voting different from that in force or effect” on the relevant coverage date, “such State or subdivision” must obtain pre-clearance either by instituting an action in the District Court for the District of Columbia, or from the United States Attorney General. § 1973c (emphasis added). The statute plainly imposes a preclearance obligation only on the particular “State or political subdivision” that “enact[s]” or “seek[s] to administer” the disputed change. In this case, the challenged delegate-allocation procedure was enacted and administered by the Party, not the State. Texas law requires the Party to adopt rules, consistent with state law, governing the conduct of its conventions, mandates that such rules be filed with the State, and provides a mechanism for their en *265 forcement. See Tex. Elec.Code Ann. §§ 163.002; 163.003; 163.005; 163.007. But these provisions do not impute to the State the Party’s obligation, if any, to preclear those rules under § 5. We affirm the dismissal of Plaintiffs’ wholly insubstantial claim against the State.
AFFIRMED IN PART; REVERSED IN PART; CAUSE REMANDED FOR FURTHER PROCEEDINGS.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.