Edward J. ROMERO,
Plaintiff-Appellant,

v.

BETHLEHEM STEEL CORPORATION
et al., Defendants,

Trident Maritime Agency, Ltd.,
Defendant-Appellee.

No. 74–1649.

United States Court of Appeals,
Fifth Circuit.

July 21, 1975.

Darryl J. Tschirn, Gothard J. Reck, Metairie, La., for plaintiff-appellant.

Richard D. Davis, Bryan F. Williams, Jr., Galveston, Tex., Paul A. Nalty, New Orleans, La., for Trident Maritime.

O. J. Weber, Jr., Beaumont, Tex., Charles E. Lugenbuhl, New Orleans, La., for Bethlehem Steel.

Before BELL, THORNBERRY and GEE, Circuit Judges.

THORNBERRY, Circuit Judge:

Edward J. Romero brought this suit against Bethlehem Steel Corp., his employer; Trident Maritime Agency, Ltd., the owners of the vessel on which he was working when he was allegedly injured; and J. Flanagan, the ship's agent. Romero claimed that the defendants, singly or in combination, were negligent in denying him a safe place to work and that Trident's vessel, the M/V St. Patrick, was unseaworthy. Early in the proceedings the trial judge granted motions for summary judgment by Bethlehem and Flanagan—Bethlehem's because it was Romero's employer for purposes of state and federal workmen's compensation laws and Flanagan's because that concern was exercising no control over the repair operations and could not have been the cause of the alleged unseaworthiness. Trident completed the usual workman-shipowner-employer triangle by filing a cross-claim for indemnity against Bethlehem based upon an alleged breach of the warranty of workmanlike

performance. After a bench trial the district judge concluded that Romero was not entitled to claim the protection of the warranty of seaworthiness and had failed to prove any actionable negligence. Romero v. Bethlehem Steel Corp., E.D.Tex.1974, 368 F.Supp. 890. Accordingly, judgment was entered in favor of both defendants. Appellant now challenges that judgment on two grounds. First, he claims that the district judge erroneously denied him the right to trial by jury. Second, he argues that the court erred in holding that the work he was performing at the time of the injury did not entitle him to benefit from the ship's warranty of seaworthiness. We affirm.

To understand appellant's argument that he was denied his right to a jury trial it will be necessary to recount some procedural history of the case. Paragraph one of Romero's complaint, filed in the Western District of Louisiana on July 10, 1972, reads:

> Complainant alleges a cause of action based upon negligence in accord with general maritime law and a second cause of action on the grounds of unseaworthiness in accord with Rule 9(h) of the Federal Rules of Civil Procedure.

Paragraph two of the complaint alleges that all three defendants are corporations "organized and existing under the laws of a State other than Louisiana . . . but authorized to do and doing business in the Eastern District of Louisiana." Paragraph three states that the amount in controversy exceeds ten thousand dollars. Finally, the prayer reads, in pertinent part, "WHEREFORE, Complainant, Edward J. Romero, demands judgment . . . general and equitable relief, AND FOR [sic] A TRIAL BY JURY."

On October 25, 1972 the case was transferred to the Eastern District of Texas pursuant to a joint forum non conveniens motion. On April 18, 1973 Trident filed its cross-claim for indemnity against Bethlehem. Several days later the district judge granted the sum-

mary judgment motions of Bethlehem and Flanagan as to Romero's suit. On May 31, 1973 a pretrial order was filed. Paragraph three of that document stated:

> The basis for jurisdiction is the admiralty and maritime jurisdiction of this Honorable Court. Jurisdiction is conceded and accordingly there is no jurisdictional question raised. Jurisdiction is based also on Diversity of Citizenship and jurisdictional amount.

The record shows that appellant's attorney added the last sentence of this paragraph to the language originally agreed upon when he learned that the defendants maintained that the case was based solely upon the admiralty jurisdiction. Paragraph fifteen of the pretrial order highlighted the reason for the disagreement over jurisdiction:

> The parties are in dispute as to whether the case is on the jury or non-jury docket. The plaintiff asserts that it is a jury case. Defendants contend that since it was filed under 9(h) that it is a non-jury case. This matter will have to be resolved by the Court.

Several days before trial began, plaintiff's attorney appeared to select a jury. He was thereupon informed that Romero's case had been placed on the nonjury docket. When the case was called on September 12, 1973 appellant immediately requested a mistrial on the ground that he was entitled to a jury. Judge Steger denied the motion and trial proceeded before the Court.

■■■ The unification of the admiralty and civil rules in 1966 was intended to work no change in the general rule that admiralty claims are to be tried without a jury. Fed.R.Civ.P. 9(h), 38(e) and Advisory Committee Notes. *See also* Moore, Federal Practice ¶¶ .59[3], 9.09, 38.35. Fed.R.Civ.P. 9(h) serves only as a device by which the pleader may claim the special benefits of admiralty proce-

dures and remedies, including a nonjury trial, when the pleadings show that both admiralty and some other basis of federal jurisdiction exist. *See* 5 Wright & Miller, Federal Practice and Procedure § 1313, at 454–55 (1969). Of course, an action for personal injury cognizable in admiralty may also be brought, assuming the existence of some independent jurisdictional base like diversity of citizenship, as a civil suit pursuant to the "savings to suitors" clause of 28 U.S.C. § 1333. In these civil suits the plaintiff is entitled to a jury trial "in accordance with the principles governing civil actions generally." Moore, *supra,* ¶ 38.-35[1], at 271. Judge Steger read appellant's complaint, which contained an unwithdrawn reference to 9(h), as an election to proceed without a jury on all claims. 368 F.Supp. at 893–94. Appellant makes four arguments in support of his contention that the judge's ruling was incorrect.

■■■ First, Romero suggests that by adding the language concerning diversity of citizenship to the pretrial order he succeeded in withdrawing the 9(h) designation in his complaint. This contention is meritless. Litigants often plead alternative bases of jurisdiction; as just noted, the 9(h) designation is necessary *only* when alternative grounds are pleaded. The mere addition of diversity as a jurisdictional ground in the pretrial order—especially when no attempt was made to delete the sentence stating that "[t]he basis for jurisdiction is the admiralty and maritime jurisdiction"—is thus utterly insufficient to notify the court or the opposing party of the purported decision to amend the complaint. *See* Anderson v. American Oil Co., S.D.Ga.1973, 60 F.R.D. 676, 678–79; *cf.* DiPaola v. International Terminal Operating Co., 2 Cir. 1969, 418 F.2d 906, 907 n.1. Significantly, the paragraph of the pretrial order designed to allow requests for amendments to the pleadings contained the notation: "None at this time." [1]

---

1. Our decision in Doucet v. Wheless Drilling Co., 5 Cir. 1972, 467 F.2d 336, does not help Romero. In that case we approved a finding by the district judge that plaintiff's waiver of his right to a jury trial amounted to an election to proceed in admiralty, despite the lack of compliance with Rules 9(h) and 15. We expressly noted, however, that strict ad-

■ Appellant's second argument is a slight variation on his first. He maintains that even if the pretrial order did not operate as a de facto amendment of his complaint, the order itself should control the course of the litigation to the extent that it conflicts with the pleadings. Even were we to accept this expansive claim for the pretrial order, appellant would gain nothing. As we have noted, the order is ambiguous on the jury trial issue; at best it reveals that the parties were not in agreement on the question.

■ Appellant next contends, referring to his mistrial motion, that he "took even more and deliberate action before the District Court immediately prior to the trial of this cause to remove once and for all the Rule 9(h) issue from the litigation." The record does not substantiate this claim. When appellant moved for a mistrial he made no request, implied or express, to amend his complaint by withdrawing the 9(h) designation. He simply reaffirmed his position that diversity of citizenship existed between the parties and, in response to his opponent's argument, stated:

> In the Pre-Trial Order there were amendments—other amendments of pleadings—alleging that the basis of jurisdiction was—or is—diversity of citizenship, plus general maritime negligence, *plus suit under Rule 9(h).* (emphasis added).

Whatever the subjective intention of appellant's counsel, it is clear that neither the district judge nor the defendants were given cause to believe that Romero had ever withdrawn the reference to Rule 9(h). Hence, appellant was not entitled to a jury by virtue of having removed "the Rule 9(h) issue . . . once and for all" from the litigation.

Appellant's final argument on this point is slightly more involved. It runs something like this. Even if he did not succeed in withdrawing the reference to 9(h), that reference applied only to one of two separate causes of action. That is, the complaint alleged one cause of action based upon diversity and one cause of action in admiralty. As to the diversity-based cause, he is plainly entitled to trial by jury. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, 1962, 369 U.S. 355, 360, 82 S.Ct. 780, 783, 7 L.Ed.2d 798. Moreover, although there is ordinarily no right to a jury in an admiralty suit, the Supreme Court in Fitzgerald v. United States[2] carved out an exception to that rule based upon considerations of judicial economy when an admiralty claim is tried together with a cause of action upon which there exists a right to trial by jury. Since he had a right to jury trial on the diversity-based cause of action, appellant concludes, under *Fitzgerald* he likewise was entitled to a jury on the admiralty count.

■ We reject this argument for a number of reasons. Initially, we are inclined to agree with the district judge's evident belief that appellant's 9(h) designation applied to both causes of action— assuming that two claims so closely related factually are properly termed separate causes of action. If both claims were in fact made in accordance with Rule 9(h), we would follow the authorities which hold that the existence of diversity as an alternative basis of jurisdiction will not entitle the plaintiff to a jury trial. Anderson v. American Oil Co., *supra*; Williams v. Shipping Corp. of India, Ltd., S.D.Ga.1973, 354 F.Supp. 626; Alaska Barite Co. v. Freighters Incorporated, N.D.Cal.1972, 54 F.R.D. 192; Americana of Puerto Rico, Inc. v. Transocean Tankers Corp., D.P.R.1969, 317 F.Supp. 798. Likewise, even were we to concede that appellant had alleged both an admiralty action and a civil action based upon diversity, we would not reverse the district judge's decision to try

herence to the rules is particularly desirable "where the shift is from admiralty to law (coupled with a demand for a jury.)" 467 F.2d at 341 n.5. *Cf.* Johnson v. Penrod Drilling Co., 5 Cir. 1972, 469 F.2d 897, aff'd, 510 F.2d 234 (en banc).

2. 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 270 (1963).

the case without a jury. *Fitzgerald* and the cases following it[3] are not controlling here for this reason: because diversity was arguably present at least with regard to Trident,[4] Romero could have obtained a jury trial on all claims simply by omitting or withdrawing the 9(h) designation in his complaint and bringing his entire suit as a civil action. *Cf.* Fitzgerald v. United States, *supra,* 374 U.S. at 17 n.3, 83 S.Ct. at 1648 n.3, 10 L.Ed.2d at 723 n.3. Yet, he persistently refused to seek an amendment aimed at withdrawing the admiralty identification. We can find no logical purpose for this refusal in the face of his repeatedly professed desire for a jury. The effect of appellant's inaction, however, was to leave the jury issue in doubt right up to the day of trial.[5] In these circumstances the trial judge would have correctly exercised his discretion in refusing to empanel a jury. Therefore, whatever appellant's theory, this case was properly tried without a jury.

Appellant also challenges the finding that at the time of his injury he was not performing the traditional duties of a seaman and thus was not entitled to the ship's warranty of seaworthiness. On this issue we have little to add to Judge Steger's discussion. 368 F.Supp. at 895. Appellant's reliance on Rogers v. United States, 5 Cir. 1971, 452 F.2d 1149, is misplaced. The repairs made to the St. Patrick were more extensive and more complex than those involved in *Rogers.* We agree with Judge Steger that the work performed by appellant's crew was " 'shipyard work,' and not ship crew's work." 368 F.Supp. at 895.

Affirmed.

---

3. *See, e. g.,* Peace v. Fidalgo Island Packing Co., 9 Cir. 1969, 419 F.2d 371; Blake v. Farrell Lines, Inc., 3 Cir. 1969, 417 F.2d 265; Haskins v. Point Towing Co., 3 Cir. 1968, 395 F.2d 737; Gyorfi v. Partrederiet Atomena, N.D.Ohio 1973, 58 F.R.D. 112, 114–16; Gvirtsman v. Western King Co., C.D.Cal.1967, 263 F.Supp. 633; *cf.* Sea-Land Services v. Gaudet, 1974, 414 U.S. 573, 589 n.24, 94 S.Ct. 806, 817 n.24, 39 L.Ed.2d 9, 23 n.24. *But see* Mahramas v. American Export Isbrandtsen Lines, Inc., 2 Cir. 1973, 475 F.2d 165, 172–73; Fitzgerald v. A. L. Burbank & Co., 2 Cir. 1971, 451 F.2d 670, 679; Sanderlin v. Old Dominion Stevedoring Co., E.D.Va.1968, 281 F.Supp. 1015.

4. Since appellees make no attempt to dispute the fact, and because a Rule 9(h) designation is only necessary when some jurisdictional ground other than admiralty exists, we will assume for the sake of argument that Romero did successfully make diversity an alternative ground of jurisdiction, at least on one count. Nonetheless, we are constrained to emphasize again the importance of clear and accurate allegations of jurisdiction in the federal courts. *See* McGovern v. American Airlines, Inc., 5 Cir. 1975, 511 F.2d 653.

5. Although the defendants were of course informed by the pretrial order of the plaintiff's desire for a jury, they were also faced with his mysterious refusal to attempt forthrightly to amend his complaint by withdrawing the 9(h) designation.