Ronald Lee WOOSLEY, Vickie
Lynn Woosley

v.

MIKE HOOKS, INC., et al.

Francis Nolan BERNARD and Janet
Marie Ladnier Bernard

v.

MIKE HOOKS, INC., et al.

Civ. A. Nos. 83–2981, 83–2982.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

March 6, 1985.

James Parkerson Roy, Domengeaux &
Wright, Lafayette, La., for plaintiffs.

Nicholas Gachassin, Jr., Gachassin · &
Hunter, Lafayette, La., for Mike Hooks,
Inc. and USF & G.

Ronald A. Johnson and Edward Blanch-
ard, New Orleans, La., for Crewboats, Inc.
and Lloyds of London.

William E. Wright, Terriberry, Carroll &
Yancy, New Orleans, La., for Lykes Bros.
S.S. Co., Inc.

David R. Frohn, Camp, Carmouche,
Barsh, Hunter, Hoffman & Gill, Lake
Charles, La., for Mission Ins. Co.

Hal J. Broussard, Broussard & David,
Lafayette, La., for Atlas Assur. Co.

## RULING

VERON, District Judge.

These consolidated actions come before
the Court on the motions of defendants
Crewboats, Inc. ("Crewboats") and Lykes
Brothers Steamship Company, Inc.
("Lykes") to dismiss the demands of the
plaintiffs for a jury in the trial against
these defendants. The parallel complaints
respectively allege that plaintiffs Ronald
Lee Woosley and Francis Nolan Bernard
were employed by another defendant, Mike
Hooks, Inc., ("Hooks") as members of the
crew of the dredge "Louisiana." Alleged-
ly, these plaintiffs were injured while being
transported as passengers aboard a crew-
boat, the "Surf Runner," that was owned
and operated by defendant Crewboats, a
Louisiana corporation. The "Surf Runner"
allegedly collided with another vessel, the
"Louise Lykes," which was allegedly
owned and operated by defendant Lykes, a
foreign corporation. Woosley and Bernard
seek recovery from Hooks under the Jones
Act on the ground that a Crewboats-Hooks

charter placed the "Surf Runner" and her captain under the direction and control of the "Louisiana" captain and that Hooks is therefore responsible for any unseaworthiness of the "Surf Runner" and for any negligence of her crew. They seek recovery from Crewboats and Lykes for negligence and unseaworthiness under the general maritime law. In addition, Woosley and Bernard seek maintenance and cure from Hooks and their wives seek to recover for loss of society from Crewboats and Lykes.

■ It is well established that, absent diversity of citizenship, no right to trial by jury exists with respect to a purely maritime claim standing alone. *E.g., Russell v. Atlantic & Gulf Stevedores*, 625 F.2d 71 (5th Cir.1980) (no right to trial by jury in the general maritime negligence action preserved under 33 U.S.C. § 905(b)). Crewboats and Lykes urge that, under this principle, the demand for a jury trial against them should be stricken because, in the absence of an assertion of a Jones Act claim against these particular defendants or of complete diversity of citizenship between these defendants and the plaintiffs, no independent alternative basis for a jury trial exists in this case. The defendants rely on several Fifth Circuit decisions in support of this proposition. Yet, as will be seen from the discussion below, these decisions are distinguishable from the instant case in a quite fundamental respect. The Fifth Circuit authorities relied upon do not address a situation, such as the one presented here, where (1) plaintiffs assert purely maritime claims against certain defendants in a suit in which some of the plaintiffs have a statutory right to a jury trial against another defendant, and (2), the claims all arise out of the same transaction or occurrence. The issue of whether the purely maritime defendants have a right to a nonjury trial in this situation has not yet been addressed by the Fifth Circuit.

■ The defendants rely in part on *T.N.T. Marine Service v. Weaver Shipyards*, 702 F.2d 585 (5th Cir.1983), and *Romero v. Bethlehem Steel Corporation*, 515 F.2d 1249 (5th Cir.1975). In *T.N.T. Marine Service*, the court concluded that the trial court properly denied the sole plaintiff's request for a jury trial against the sole *in personam* defendant even though diversity of citizenship existed between the parties. The court held that the plaintiff elected to proceed in admiralty under Federal Rule of Civil Procedure 9(h), and thereby gave up its right to a jury, when it alleged in addition to diversity that "[t]his is also a suit for breach of a maritime contract and for maritime tort." 702 F.2d at 587. Similarly, in *Romero*, the court again held that the district court properly denied a sole plaintiff's request for a jury trial against a sole maritime-but-diverse defendant, as the plaintiff had persistently designated his negligence and unseaworthiness action as one "in accord with Rule 9(h) of the Federal Rules of Civil Procedure." 515 F.2d at 1251. Here, on the other hand, the plaintiffs have not designated their multiple claims in a fashion that would prevent the Court from submitting the entire case to the jury. Each complaint states that "[t]his action arises under the General Maritime Laws of the United States and the Jones Act." Quite properly, the defendants do not contend that this statement deprives Woosley and Bernard of their right to a jury trial under the Jones Act. And, if this particular language, pursuant to Rule 9(h), operates to forfeit an otherwise existing right to a jury trial on a purely maritime claim, such as maintenance and cure or unseaworthiness, then the expectations of countless plaintiffs to a jury trial under *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963),[1] would be frustrated on an unforeseen pleading technicality. The quoted language does not differ in substance from that found in most joint Jones Act/unseaworthiness suits, and

---

**1.** *Fitzgerald* held that a seaman has a right to a jury trial on his maintenance and cure claim against a shipowner-employer when the mainte-nance and cure claim is joined for trial with a Jones Act claim brought on the law side.

the Court therefore cannot conclude that parties intend by its use to elect to proceed without a jury on maritime claims that arise out of the same transaction or occurrence that forms the basis of a companion Jones Act claim. Even if the Court were to reach such a conclusion, it would nonetheless freely allow amendment of the complaints in a situation such as this in order to bring all of the claims arising out of the single occurrence before a single trier of fact. Thus, the decisions in *T.N.T. Marine Service* and *Romero* do not require that the maritime claims against Crewboats and Lykes be tried to the bench separately from the jury-tried Jones Act claims.[2]

The defendants also rely upon the decision in *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir.), *cert. denied*, 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981). In *Powell,* the sole personal injury plaintiff brought general maritime tort claims against several defendants, some of whom were diverse in citizenship from the plaintiff and some who were not. The plaintiff requested a jury trial as to the diverse defendants on the basis of diversity jurisdiction, contending that the presence of the non-diverse defendants did not destroy diversity as to the diverse defendants because the common law maritime claims provided an independent basis of federal jurisdiction over the non-diverse defendants under *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). The *Powell* court observed that the acceptance of this argument would leave a trial court with two choices on a plaintiff's demand for a jury in a maritime minimal diversity case—it could either divide the case between the two fact-finders, with the diverse claims going to the jury and the nondiverse claims being tried to the bench, or grant a jury trial with respect to all defendants, both diverse and non-diverse. The Fifth Circuit rejected both of these choices—the first being in-

consistent with the concern for judicial economy enunciated in *Fitzgerald* and the second being contrary to fundamental concepts of federal jurisdiction—and instead adopted a third alternative—a bench trial as to all defendants.

Significantly, the course charted in *Powell* cannot be navigated here. That is, the Court cannot try the entire case as a bench trial because it has absolutely no power to deprive Woosley and Bernard of the right expressly granted to them by Congress to try their Jones Act claims to a jury on the law side. And, even more significantly, the *Powell* court rejected the first remaining alternative, trial to two fact-finders, for reasons that are applicable with even greater force here. Splitting up a lawsuit such as this one for trial to two fact-finders " 'unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery.' " *Fitzgerald,* 374 U.S. at 18–19, 83 S.Ct. at 1649, *quoted in Powell,* 644 F.2d at 1069. It is true that in this case, as in *Powell,* the claims against each defendant would be decided by a single fact-finder, either judge or jury. Yet here, as in *Powell,* the interests of judicial economy and fairness at stake in *Fitzgerald* nonetheless remain pertinent because all of the claims against all of the defendants arise out of the same maritime occurrence. *See* 644 F.2d at 1069. These concerns are all the more relevant here where multiple plaintiffs, as well as multiple defendants, are involved.

The last remaining alternative, trial by jury on all claims and as to all defendants, is not similarly foreclosed by either Congress or the *Powell* decision. The *Powell* court did express a concern that undue expansion of the use of juries in federal admiralty cases could disrupt the statutory scheme of federal jurisdiction. *See* 644

---

**2.** The *T.N.T. Marine Service* decision also rests on the fact that the action had been brought *in rem* against a vessel, in addition to *in personam* against the corporate defendant. As the *in rem* action necessarily falls within exclusive admi-

ralty jurisdiction, the court held that there would be no jury trial in regard to the action against the vessel. The plaintiffs have not proceeded *in rem* against a vessel here.

F.2d at 1070–71. Yet trying cases such as this one to a jury would not produce the "revolutionary procedural change" that would have resulted had the *Romero* court held that maritime claims could be tried on the law side under the general federal question jurisdiction statute. *See Romero*, 358 U.S. at 354, 79 S.Ct. at 468. Nor would allowance of a jury trial in this situation expand the use of jury trials in admiralty to the enormous extent that would have followed had the *Powell* court held that only minimal diversity was required for a jury trial in maritime cases. Trial by jury on all issues in this case no more implicates the jurisdictional concerns canvassed in *Romero* and *Powell* than does the holding in *Fitzgerald* that an undisputably maritime cause of action such as maintenance and cure must be tried to the jury along with the Jones Act claim when both arise from the same set of facts. For there, as here, any other method of trial would be "so cumbersome, confusing, and time consuming that it [would place] completely unnecessary obstacles in the paths of litigants seeking justice in our courts...." *Fitzgerald*, 374 U.S. at 21, 83 S.Ct. at 1650.

Thus, far from supporting the defendants' arguments in this case, analysis of the *Powell* decision supplies the most compelling reasons for trying the entire case to the jury. Moreover, these defendants surely have no right to a *non* jury trial under either the Constitution or a federal statute. *Fitzgerald*, 374 U.S. at 20, 79 S.Ct. at 1650; *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 265 (3d Cir.1969); *Red Star Towing & Transport Co. v. "Ming Giant,"* 552 F.Supp. 367, 371 (S.D.N.Y.1982). And, finally, well-reasoned authority supports the use of a jury on all issues in a case such as this one. *See Blake*, 417 F.2d at 266–67 (the court discusses the procedure under the relevant federal rules), *cited with apparent approval in*, *In re Dearborn Marine Service, Inc.*, 499 F.2d 263, 271 n. 14 (5th Cir.1974); *Complaint of Berkley Curtis Bay Co.*, 569 F.Supp. 1491, 1493–95 (S.D.N.Y.), *aff'd without published opinion*, 742 F.2d 1431 (2d Cir.1983) (the district court noted, *inter alia*, that trial to a single fact finder was especially appropriate where liability was to be apportioned among several defendants); *Red Star Towing & Transport Co.*, 552 F.Supp. at 371–75 (facts similar to those in the instant case). The Court therefore holds that purely maritime claims against non-employer defendants can and should be tried to the jury when the claims are asserted in a suit in which some or all of the plaintiffs have invoked a statutory right to a jury trial under the Jones Act and the maritime and Jones Act claims all arise out of the same transaction or occurrence.

Accordingly, the motions of Crewboats, Inc. and Lykes Brothers Steamship Company, Inc. to dismiss the demands for a jury trial against them in these consolidated actions are DENIED.