Sebastian CONTI, Plaintiff–Appellant,

v.

**SANKO STEAMSHIP COMPANY, LTD.,**
and Torocoba Shipping Company,
Defendants–Appellees.

No. 89–6180.

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1990.

Rehearing Denied Nov. 8, 1990.

Robert D. Rapp, Mandell & Wright, Houston, Tex., for plaintiff-appellant.

William M. Woodruff and Robert L. Klawetter, Eastham, Watson, Dale & Forney, Houston, Tex., for defendants-appellees.

Kenneth J. Bower and Douglas W. Poole, McLeod, Alexander, Powel & Apffel, Galveston, Tex., for City of Galveston.

Gray H. Miller, Fulbright & Jaworski, Houston, Tex., for Texas Employers' Ins. Ass'n.

Before GARZA, JOLLY, and JONES, Circuit Judges.

GARZA, Circuit Judge:

Finding that the district court abused its discretion in not allowing the plaintiff to amend his complaint, we REVERSE AND REMAND the case to be tried before a jury.

I.

Plaintiff Sebastian Conti was a longshoreman working for Empire United Stevedoring Co. ("Empire") at Galveston Wharves. He was unhooking lumber from the SS Sanko Ruby—owned and operated by defendants Sanko Steamship Co. and Torocoba Shipping Co. (collectively "Sanko")—when a load of wood came loose and rained down on the dock near Conti. Running to escape the lumber, Conti fell and badly injured his knee. The lumber had neither skids nor bands, both of which are necessary for safe unloading, and both of which are required by OSHA regulations.

29 C.F.R. § 1918.81 [1]. The accident occurred on the morning of the third day of Empire's work on the Sanko Ruby.

Conti sued Sanko, alleging both admiralty and diversity jurisdiction in his pleadings and demanded a jury. In a joint pretrial order, both parties stipulated that there was diversity jurisdiction, but later, on discovering Conti's pleading error, Sanko moved to withdraw its stipulation and strike the jury demand. The district court granted the motion.

At trial, the court entered a take-nothing judgment for Sanko at the close of Conti's evidence on the grounds there was no evidence that, (1) Sanko had any knowledge of unsafe conditions; (2) Sanko had delivered the ship to the stevedores in an unsafe condition; and (3) Sanko had any knowledge that Empire would violate OSHA regulations. The court stated that Sanko did have a duty to "inspect the ship from time to time," but did not specify what would discharge that duty.

Complaining that the district court abused its discretion in not allowing him to amend his pleadings to obtain a jury trial and that the court's findings are clearly erroneous, Conti brought this appeal. We decide only that the district court abused its discretion in refusing to allow Conti to amend his pleadings so that the sole basis for jurisdiction was diversity. Accordingly, we REVERSE the judgment of the district court and REMAND the case to that court so that a jury trial may be had.

## II.

As stated above, Conti pled both diversity and admiralty jurisdiction. Our court has held that in such circumstances the complaint invokes the admiralty jurisdiction of the court. *T.N.T. Marine Services, Inc. v. Weaver Shipyards and Dry Docks, Inc.,* 702 F.2d 585, 587–88 (5th Cir.), *cert. denied,* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983). In a joint pretrial order, the parties stipulated that the action

was based on diversity of citizenship. The case was placed on the jury docket and remained there for some time before the defendants moved to strike plaintiff's jury demand. Eight months after the cut-off date for the filing of non-dispositive motions under the trial court's docket control order, the defendants filed their motion to strike. Before the motion was granted, however, plaintiff filed a motion for leave to file an amended complaint and filed an amended complaint to cure any pleading defect and request a trial by jury under diversity jurisdiction. Plaintiff's motion was denied by the trial court. This action constituted an abuse of discretion.

Sanko cites *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249 (5th Cir.1975) for the proposition that the dual allegations of admiralty and diversity jurisdiction constitute an election to proceed under admiralty jurisdiction without the possibility of a jury trial. In *Romero,* however, the plaintiff refused to amend his pleadings to bring the *entire* suit as a civil diversity action. Plaintiff's inaction in *Romero* left "the jury issue in doubt right up to the day of trial." *Romero,* 515 F.2d at 1254. Both Conti and Sanko, however, were under the impression from the start that this case was to be tried to a jury. Conti's situation is the opposite of the plaintiff in *Romero.* In *Romero,* the plaintiff tried to gain a jury trial at the last moment. On the contrary, here the defendant tried to gain a bench trial at the last moment and prevailed. *Romero* is not controlling.

*T.N.T. Marine Service, Inc. v. Weaver Shipyards and Dry Docks, Inc.,* 702 F.2d 585 (5th Cir.), *cert. denied,* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983), is also not applicable. Although *T.N.T. Marine Service* held that a suit based in admiralty and diversity will constitute an admiralty election and therefore yield a nonjury trial, we specifically stated that Fed.R.Civ.P. "9(h) is not a harsh rule, for its third sentence expressly provides that the liberal procedures for amending complaints found

---

1. Skids are wooden pallets attached under the lumber, which stabilize the load and allow the forklifts and other equipment to more easily get beneath the cargo. Bands keep the lumber bundled.

in Rule 15 apply to identifying statements." *Id.* at 588. The plaintiff in *T.N.T. Marine Service, Inc.* chose not to amend its complaint. Conti, however, did seek an amendment to clarify the identifying statement so that it would read that the action was based solely on diversity of citizenship. Under the circumstances the amendment should have been granted.

Similarly, Sanko relies on *Gilmore v. Waterman Steamship Corp.*, 790 F.2d 1244, 1246 (5th Cir.1986), to uphold the ruling of the district court. In *Gilmore*, the plaintiff asserted both admiralty and diversity jurisdiction and our court, relying on *T.N.T. Marine Service, Inc.*, concluded that this constituted an election to proceed in admiralty without a jury. The plaintiff in *Gilmore*, however, made no attempt to amend her pleadings but rather filed a total of four complaints asserting both admiralty *and* diversity jurisdiction. *Gilmore*, 790 F.2d at 1246. On the other hand, Conti attempted to amend his pleadings and delete any references to admiralty jurisdiction. *Gilmore* does not control this decision either.

"[L]eave [to amend pleadings] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has stated that an "outright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). No reasons were given by the trial court for not allowing the plaintiff to amend his pleadings. There was also no prejudice to the court in allowing the amendment. The plaintiff's motion for leave to amend his complaint was filed nine days before the defendant's motion to strike the jury demand was granted. Moreover, the case was on the trial court's jury docket for over two years before the case was placed on the non-jury docket. Consequently, granting the amendment and leaving the case on the jury docket would cause the trial court no additional hardship by adding another case to an already overburdened docket.

■ There was absolutely no prejudice to the defendants in allowing the amendment either. From the time the complaint was filed both parties were under the impression that the case was to be tried to the jury. Both parties signed a joint pretrial order to that effect. The pretrial order was quite detailed and listed the contentions of the parties, the contested issues of fact and law, the witnesses, the approximate time of trial (two and a half days), and the agreed proposition of law that the proceeding was based on diversity of citizenship jurisdiction. The joint pretrial order signed by both parties superseded any previous pleadings on file in the case. *See Morales v. Turman*, 535 F.2d 864, 867 n. 7 (5th Cir.1976), *rev'd on other grounds*, 430 U.S. 322, 97 S.Ct. 1189, 51 L.Ed.2d 368 (1977). The fact that the trial judge did not sign the order is not relevant to this decision. We will not allow a party to live by an agreement for a period of time and then at the last minute change his mind to the other party's detriment without just cause. Counsel for Sanko admitted to the court that he made a mistake in overlooking the pleading defect yet he was allowed to correct his mistake while Conti was not.

It is obvious from the record that Mr. Conti was "sandbagged". The same proof, witnesses and almost the same court time would be required regardless of the mode of the trial, whether by jury or to the court. Conti's attorney told the court he thought the case could be tried in four days to a jury. Sanko's counsel said he thought the case could be tried in three days with a jury and two days non-jury. There is not much difference between a two day non-jury trial and a four day jury trial, especially when you take into account Conti's Constitutional right to a jury trial if he were allowed to amend his pleadings so that only proper diversity jurisdiction was pled. Sanko could not possibly have suffered any prejudice. The only party prejudiced was Mr. Conti when he was not allowed to amend his pleadings despite his requests and the relevant authorities.

### III.

We realize that it is in the discretion of the trial court to allow a party to amend his

pleadings after the time has passed for amendment as a matter of right. That court must take into account all of the circumstances surrounding the case, however, and the dictates of our court and the Supreme Court. It is apparent, for whatever reason, that the judge below did not do this and consequently abused his discretion. He allowed the defendants to cure their mistake but did not give the plaintiff the same treatment. Accordingly, the case must be REVERSED and the cause REMANDED to the district court to be tried before a jury.