Stephen P. KEENE, Plaintiff,

v.

**BOUCHARD TRANSPORTATION CO., INC., B No. 175 Corp., and Bouchard Barge No. 175, Defendants.**

No. Civ.A. H–97–2610.

United States District Court,
S.D. Texas,
Houston Division.

June 25, 1998.

Ulmer Graydon Wilson, Richard Haynes & Associates, Houston, TX, for Plaintiff.

Ronald L. White, Brown, Sims, Wise & White, Houston, TX, for Defendants.

## ORDER

ATLAS, District Judge.

Plaintiff Stephen P. Keene ("Plaintiff") has brought this action against Defendants Bouchard Transportation Company, Inc.; B No. 175 Corporation; and the vessel known as the Bouchard Barge No. 175 ("Defendants"), seeking relief for an injury sustained on this vessel and for wrongful termination. Defendants have filed a motion seeking to strike Plaintiff's jury demand, contending that Plaintiff has no right to a jury trial because this is an admiralty case. *See* Defendants' Motion to Strike Jury Demand of Plaintiff Expressly Subject to and Without Waiving its Jurisdictional and Venue Defenses [Doc. # 15] ("Motion"). The Court has considered the Motion, Plaintiff's Response [Doc. # 17], Defendants' Reply [Doc. # 18], all other matters of record in this case, and the relevant authorities. For the following reasons, Defendants' Motion is now **DENIED**.

In his Complaint, Plaintiff alleges that, on August 4, 1994, he sustained an injury on the Bouchard Barge No. 175, in the course of his employment with Defendant B No. 175 Corp. (a subsidiary of Defendant Bouchard Transportation Company, Inc.), and, as a result of this injury, was unable to work at his normal capacity for two months. *See* Complaint [Doc. # 1], at 4–6. He further alleges that, after consulting a doctor, he notified his employer that he could resume work on October 19, 1994, but that, upon hearing this news, his employer terminated him. *See id.* at 7.

Plaintiff claims that Defendants are liable to him for negligence in connection with his injury, unseaworthiness, and wrongful termination of employment. He bases federal jurisdiction on three grounds: (1) the existence of a federal question, pursuant to 28 U.S.C. § 1331, because his negligence claim is brought under a federal statute, namely the Jones Act, 46 U.S.C.App. § 688; (2) diversity of citizenship, pursuant to 28 U.S.C. § 1332; and (3) admiralty, pursuant to 28 U.S.C. § 1333, for his unseaworthiness claim. In his Complaint, Plaintiff requests "that this case be tried before a jury to the fullest extent that his causes of action may be so tried." Complaint, at 8.

■ Defendants argue that Plaintiff has no right to a jury trial because· he has invoked the Court's admiralty jurisdiction and designated this case as an admiralty and maritime case, pursuant to Fed.R.Civ.P. 9(h). The Court agrees that, generally, jury trials are not allowed in admiralty cases. *See Durden v. Exxon Corp.,* 803 F.2d 845, 848–50 (5th Cir.1986); *T.N.T. Marine Svc., Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585 (5th Cir.1983). *See also Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 55 n. 10, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (no constitutional right to a jury trial in admiralty case).

■ For the reasons set forth below, the Court is unpersuaded by Defendants' arguments ·and holds that Plaintiff's passing reference to admiralty and maritime jurisdiction in his Complaint, Plaintiffs citation of the admiralty jurisdictional statute (28 U.S.C. § 1333) in his Complaint and on the Court Clerk's Office's administrative Civil Cover Sheet, and Plaintiff's inclusion of an admiralty claim as one of several pleaded· in the Complaint do not preclude his right to a jury trial in the case at bar.

Defendants rely principally on *T.N.T. Marine* to support their contention that a jury demand must be stricken whenever a plaintiff invokes a federal court's admiralty jurisdiction. In *T.N.T. Marine,* the Fifth Circuit held that "there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." 702 F.2d at 587.

This case, however, is based not only on admiralty and diversity jurisdiction, but also on federal question jurisdiction. The federal question jurisdiction arises from Plaintiff's claims brought under the Jones Act, a statute that expressly provides for the right to a jury trial in all seamen personal injury cases. *See* 46 U.S.C.App. § 688(a);[1] *Fitzgerald v. United States Lines Company,* ·374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). In *Fitzgerald,* the Supreme Court specifically held that a plaintiff has a right to a jury trial in a case involving a Jones Act claim, even if the case also contains an admiralty or maritime claim. *See id.* The Court held further that, when a Jones Act claim arises out of the same transaction or accident upon which a plaintiff bases other claims that would not, on their own, provide the right to .a jury trial, the plaintiff may have a jury decide all these related claims, simply by virtue of the presence of the Jones Act claim. The Court reasoned that the Jones Act requires the right to a jury on claims brought under that Act and that, in these types of cases, it is too complicated and confusing to divide the fact-finding responsibility between a judge and a jury for different claims in the same trial. *See id.* at 18, 21, 83 S.Ct. 1646.

More recent Fifth Circuit authorities recognize this right to a jury trial in cases that join admiralty claims with Jones Act claims. *See Daniel v. Ergon, Inc.,* 892 F.2d 403, 409 (5th Cir.1990) ("general maritime claims could (and should) be heard before a jury when joined with Jones Act claims"); *Rachal v. Ingram Corp.,* 795 F.2d 1210, 1213 (5th Cir.1986) ("[w]hen non-jury admiralty claims are joined in the same action [with a Jones Act' claim], they are treated as pendent to the Jones Act claim, and are tried together for convenience"); *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 616 (5th Cir.1985) ("A seaman may obtain a jury trial [on a non-jury admiralty claim] by joining it with a Jones Act claim and demanding jury trial."). Thus, Defendants' reliance on *T.N.T. Marine* is unavailing because Plaintiff has asserted a claim under the Jones Act.[2]

---

1. The Jones Act provides, in pertinent part, that:

   Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury.
   46 U.S.C.App. § 688(a).

2. In *T.N.T. Marine,* the Fifth Circuit based its decision—that a plaintiff has no right to a jury in an admiralty case in which the plaintiff also alleges diversity jurisdiction—in part on an interpretation of the final section of Fed.R.Civ.P. 38, the Rule that provides for the right to jury trials in civil cases. The court stated that "Rule 38(e) denies a right to trial by jury on any claim that is cognizable only in admiralty." *T.N.T. Marine,* 702 F.2d at 587. However, as the more recent Fifth Circuit authorities cited above make clear, Rule 38(e) does not actually *prohibit* a jury trial in an admiralty case; it merely states that Rule 38 does not *create* the right to a jury trial in an

In their Reply, Defendants contend that, notwithstanding the Jones Act claim, Plaintiff is still not entitled to a jury trial because he *elected* to make a Rule 9(h) designation by stating in his Complaint that "this is an admiralty or maritime case." Complaint, at 2. *See Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1487 (5th Cir.1992) (plaintiff with a maritime claim may elect to bring an action "at law" or, by making a Rule 9(h) designation, "in admiralty").[3] The Court disagrees with Defendants' hyper-technical contention that, by making this statement in his Complaint, Plaintiff waived his right to a jury trial. Plaintiff's Complaint contains various allegations supporting diversity and federal question jurisdiction. These allegations precede the one on which Defendants rely and are entitled to as much weight in characterizing this suit as Plaintiff's mention of admiralty jurisdiction, which merely indicates that Plaintiff has brought at least one of his claims in admiralty. For the reasons described above, the Court concludes that the presence of an admiralty claim, combined with claims brought under the Court's diversity and federal question jurisdiction, does not create an election of admiralty for the entire case so as to waive Plaintiff's right to a jury trial created by the Jones Act claim. *See Rachal,* 795 F.2d at 1214 n. 3 (Fifth Circuit held that a plaintiff did not elect a proceeding in admiralty where the complaint did not mention Rule 9(h) and included a jury demand).

Plaintiff therefore is entitled to a jury trial on all his claims. It is accordingly

admiralty case. *See* Rule 38(e) ("[t]hese rules [38(a)–(d) ] shall not be construed *to create* a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)") (emphasis added). As indicated in the Advisory Committee Note to Rule 9, the Federal Rules of Civil Procedure do not provide a right to a jury trial in an admiralty case, but such a right can be created by statute. *See* Fed.R.Civ.P. 9 Advisory Committee Note ("One of the most important procedural consequences [of Rule 9] is that in the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial *except as provided by statute.*") (emphasis added). *See also Fitzgerald,* 374 U.S. at 20, 83 S.Ct. 1646 (although "the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any

**ORDERED** that Defendants' Motion to Strike Jury Demand of Plaintiff Expressly Subject to and Without Waiving its Jurisdictional and Venue Defenses [Doc. # 15] is **DENIED.**

other provision of the Constitution forbids them. *Nor does any* statute of Congress or *Rule of Procedure,* Civil or Admiralty, *forbid jury trials in maritime cases.*") (emphasis added).

3. In *Durden,* the Fifth Circuit held that "a specific reference to Rule 9(h) is not required to make the claim one in admiralty." 803 F.2d at 849. Instead, "the plaintiff's case will be treated as one in admiralty 'by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.'" *T.N.T. Marine,* 702 F.2d at 587 (quoting Fed.R.Civ.P. 9 Advisory Committee Note (1966 amendment)). *See also* Rule 9(h) ("If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for [various enumerated] purposes whether so identified or not.").