Ernest A. "Andy" WEBB

v.

**ENSCO MARINE COMPANY and, Defendant/Third–Party Plaintiff,**

v.

**Martin Terminal, Inc., Defendant/Third–Party Defendant.**

No. Civ.A. 1:99–CV–0159.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 11, 2000.

**1050**

Richard M. Schechter, Houston, TX, for plaintiff.

Robert M. Klaweter, Houston, TX, for defendant.

Innes Mackillop, White Mackillop & Baham, Houston, TX, for third party defendant.

## MEMORANDUM AND ORDER

COBB, District Judge.

In this personal injury suit, Defendant Martin Terminal, Inc. ("Martin Terminal") moves to strike Plaintiff Ernest A. "Andy" Webb's jury demand. Martin Terminal argues that Plaintiff no longer has a right to a jury trial in this case because the remaining claims in this suit do not entitled him to such a trial. Defendant asserts particularly that now that Plaintiff has settle his Jones Act suit against the original defendant, and all that remains is Plaintiff's general maritime law claim against Martin Terminal, the jurisdictional basis for a jury trial no longer exists. Plaintiff contends that this Court's jurisdiction is not based on admiralty but on diversity and, therefore, Plaintiff continues to have a right to a jury trial. Alternatively, Plaintiff argues that even if the Court determines that jurisdiction is based on admiralty, he should be allowed to amend his Complaint to make clear that diversity is the sole basis for the Court's jurisdiction. The Court, having reviewed the parties' motions and other relevant information, concludes that (1) Defendant/Third Party Defendant Martin Terminal's Motion to Strike Plaintiff's Jury Demand should be denied and (2) Plaintiff's Motion for Leave to File a Second Amended Original Complaint should be granted.

### I. *Facts*

Plaintiff Webb originally sued his employer, Ensco Marine Company ("Ensco") under the Jones Act and general maritime law doctrines of unseaworthiness and maintenance and cure. His suit was for injuries sustained aboard the Ensco Navigator, an Ensco operated vessel. After discovery, Plaintiff amended his Original Complaint, adding as a defendant Martin Terminal, the shoreside facility that loaded the Ensco Navigator with cargo the day before the accident. Since Martin Terminal, Plaintiff has settled his claim against Ensco, and this Court has dismissed those causes of action, including the Jones Act. Plaintiff's only remaining claims are those against Martin Terminal for its allegedly negligent acts and omissions.

### II. *Analysis*

There is generally no right to a jury trial when a court hears a case under its admiralty jurisdiction. *See Keene v. Bouchard Transportation Co., Inc.,* 9 F.Supp.2d 764, 765 (S.D.Tex.1998), citing, *Durden v. Exxon Corp.,* 803 F.2d 845, 848–50 (5th Cir.1986). A plaintiff, however, "who has a state common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring the suit either as an admiralty action in federal court, or as a state common law action in state court or in federal court assuming he meets the diversity jurisdiction requirements for federal court." *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 586 (5th Cir.1983). The heart of this dispute is whether language in Plaintiff's First Amended Original Complaint deprives him of his right to trial by jury.

Plaintiff alleges in its live pleading that this Court has jurisdiction under 28 U.S.C.

§§ 1331, 1332, and 1367. (Pl.'s First Am. Compl. ¶ 1.) Plaintiff states that his claim against Ensco is "maintained under the Jones Act, 46 U.S.C. § 688(a), et. seq., and the general maritime law of the United States" and his claim against Martin Terminal is "maintained under the general maritime law." (Pl.'s First Am.Compl. ¶ 6.) Thus, the Court has federal question jurisdiction over the Ensco Jones Act claim and diversity and pendent jurisdiction over the general maritime law claims against Ensco and Martin Terminal. There is no other mention of "maritime" in Plaintiff's Complaint and "admiralty" is not mentioned at all.

Martin Terminal contends that the language in Plaintiff's Complaint represents an invocation of this Court's admiralty jurisdiction. Martin Terminal relies principally on *T.N.T. Marine* to support its position. In that case, the Fifth Circuit held that "there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." *See T.N.T. Marine,* 702 F.2d at 587. *T.N.T. Marine* also addressed the application of Federal Rule of Civil Procedure 9(h), which is relevant to this case. Rule 9(h) provides:

A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15 . . . .

Fed.R.Civ.P. 9(h). Thus, Rule 9(h) allows a plaintiff to include in his complaint a statement identifying his claim as an admiralty or maritime claim for purpose of Rule 38(e), the jury trial of right. *T.N.T.*

*Marine* makes several points on Rule 9(h) relevant to this case.

To begin, the first sentence of the rule indicates that the plaintiff may elect to have a suit treated as one in admiralty or diversity " 'by a *simple statement* in his pleading to the effect that the claim is an admiralty or maritime claim.' " *T.N.T. Marine,* 702 F.2d at 587 (citing Fed.R.Civ.P. 9 advisory committee note (1966 amendment)) (emphasis added). The Fifth Circuit concludes on this point that "there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." *Id.* The Fifth Circuit then construed the second sentence in 9(h) as making "clear that Rule 38(e) denies a right to trial by jury on any claim that is cognizable only in admiralty, regardless of what the pleading says." Because Plaintiff's claim in this case is not a claim "cognizable only in admiralty," the Court need not consider the second sentence of Rule 9(h).

Martin Terminal argues that Plaintiff's statement in his Complaint that his "claim against Martin Terminal, Inc. is maintained under the general maritime law" is a simple statement that brings his claim under the Court's admiralty jurisdiction. The simple statements in *T.N.T. Marine* were not radically different from the one made by Plaintiff. The plaintiff in *T.N.T. Marine* stated that "[t]his is also a suit for breach of maritime contract and maritime tort" and that the complaint against the defendant for "breach of contract, civil and maritime, and for maritime tort avers on information and belief as follows. . . ." *T.N.T. Marine,* 702 F.2d at 587–88. The Fifth Circuit concluded that these statements were "a simple statement asserting admiralty or maritime claims under the first sentence of Rule 9(h)." *Id.* at 588. Although this opinion has been criticized as restrictive, *see Ghotra v. Bandila Shipping, Inc.,* 113 F.3d 1050, 1057 (9th Cir. 1997), it is still the law of this circuit. That does not mean that the Court is

mandated to apply *T.N.T. Marine*'s rule in this case.

To butress its position, Defendant cites several cases in addition *T.N.T. Marine*. None of these cases, however, are directly on point. In *Durden*, the plaintiff had pleaded both admiralty and diversity jurisdiction. *See Durden*, 803 F.2d at 849 ("In paragraph VI of the complaint Durden alleges that the 'Court is vested with jurisdiction of this matter pursuant to the provisions of ... the General Maritime Law of the United States.' "). The same cannot be said of Plaintiff Webb's complaint. Although the plaintiff in *Durden* had settled his Jones Act claims with his employer, unlike Plaintiff Webb, the plaintiff then proceeded *in rem* against the vessel and in personam against the vessel owner for unseaworthiness and negligence. Plaintiff has not sued the vessel in rem in this case. The crux of *Durden* is that, after the court dismissed the plaintiff's Jones Act claim, the plaintiff's claim against the vessel in rem "invok[ed] the unique power of the admiralty court." *Id.* at 849. *Durden* is thus not on point.

Defendant also cites to *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341 (5th Cir.1991), to support the proposition that the invocation of Rule 9(h) need not be formal. In that case, however, the Fifth Circuit found that the plaintiff had done three things to invoke the court's admiralty jurisdiction, none of which have been done in this case. The plaintiff in Teal had (1) titled his complaint as "Complaint Within the Admiralty and Maritime Jurisdiction Pursuant to the General Maritime Law of the United States of America;" (2) stated in his complaint that the "case [was] cognizable under the admiralty and maritime jurisdiction ...;" and (3) pled an in rem action against the vessel involved in the case. *Teal*, 933 F.2d at 345. None of these "simple statements" have been made in this case.

*Gilmore v. Waterman Steamship Corp.*, 790 F.2d 1244 (5th Cir.1986), is also distinguishable from the facts in this case. There, the plaintiff's original complaint, as well as her first, second, and third supplemental complaints asserted both admiralty and diversity jurisdiction. *See Gilmore*, 790 F.2d at 1246. The pretrial order also alleged both jurisdictional bases. Because those facts are not present in this case, *Gilmore* is not helpful. Finally, in *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir.1975), the court held that the district court properly denied a plaintiff's request for a jury trial because the plaintiff had persistently designated his negligence and unseaworthiness action as one "in accord with Rule 9(h) of the Federal Rules of Civil Procedure." *Id.* at 1251. Here, Plaintiff has not clearly invoked the Court's admiralty jurisdiction.

Plaintiff principally cites three cases to support his position that *T.N.T. Marine*'s "restrictive" holding should not apply. First, in *Keene v. Bouchard Transportation Co.*, 9 F.Supp.2d 764 (S.D.Tex.1998), the district court concluded that the plaintiff's "passing reference" to admiralty and maritime jurisdiction in his complaint, his citation of the admiralty jurisdiction statute, and his inclusion of an admiralty claim as one of several pleaded in his complaint did not preclude his right to a jury trial. *Id.* at 765. The defendants in that case had made the "hyper-technical" argument that, although the plaintiff was entitled to a jury trial on his Jones Act claim, he had waived his right to such a trial on his other claims by invoking the court's admiralty jurisdiction in his complaint. The district court correctly did not agree. A critical distinction between *Keene* and this case, however, is that, in *Keene* there was a live Jones Act claim, which gave the plaintiff the right to a jury trial. *Id.* Plaintiff Webb's Jones Act claim has been dismissed.

Plaintiff also argues that *Woosley v. Mike Hooks, Inc.*, 603 F.Supp. 1190 (W.D.La.1985), recognizes the distinction between identifying the jurisdictional basis for a lawsuit and the substantive law that will govern a claim. Plaintiff contends that the language he uses in his Complaint falls within the latter description and,

therefore, does not invoke the Court's admiralty or maritime jurisdiction. In *Woosley,* the plaintiff sought recovery from one defendant under the Jones Act and from two more defendants under common law negligence and unseaworthiness under the general maritime law. *Id.* at 1190–91. The second group of defendants argued that, in the absence of an assertion of a Jones Act claim against them or of complete diversity of citizenship, no independent basis for a jury trial existed. The court, however, was not willing to split up the lawsuit by trying one group of defendants to the court and the other to a jury. The court instead tried all the claims, which arose out of the same transaction or occurrence, to the jury. *Id.* at 1192. The obvious distinction between *Woosley* and this case is that there is no live Jones Act claim in this case. Thus, *Woosley* simply begs the question whether Plaintiff has invoked the admiralty or maritime jurisdiction of the Court.

■ Finally, Plaintiffs cite to *Conti v. Sanko Steamship Company, Ltd.,* 912 F.2d 816, (5th Cir.1990), for the proposition that even if *T.N.T. Marine* is applicable to this case, the harshness of the holding compels a court to allow a party to amend its complaint so it is not deprived of its right to a jury trial. In *Conti,* a longshoreman who was injured in a work–related accident brought an action against the vessel owner. *Id.* at 816. The plaintiff alleged both admiralty and diversity jurisdiction in his pleadings and demanded a jury trial. In the joint pretrial order, both parties stipulated that there was diversity jurisdiction. Later, upon discovering Conti's "pleading error", the defendant moved to withdraw its stipulation and strike the jury demand. *Id.* at 817. The district court granted the motion. The Fifth Circuit reversed, concluding that the plaintiff should have been given leave to amend. Because there are more similarities than differences between *Conti* and this case, the Court exercises its discretion to allow Plaintiff to amend his complaint.

"[L]eave [to amend pleadings] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Martin Terminal concedes that it is in the trial court's discretion to allow a party to amend his pleadings after time has passed for amendment as a matter of right. (Def. Reply Pl.'s Resp. Def.'s Mot. Strike Pl.'s Jury Demand at 4.) Even the *T.N.T. Marine* court recognized that "Rule 9(h) is not a harsh rule. The liberal procedures for amending complaints found in Rule 15 apply to identifying statements." *T.N.T. Marine,* 702 F.2d at 588. Also important is that in many of the cases cited by the parties, the plaintiffs had refused to amend their pleadings. *See T.N.T. Marine,* 702 F.2d at 588 ("the plaintiff chose not to amend its complaint, and it is not entitled to a second trial."); *Gilmore,* 790 F.2d at 1246 (plaintiff made no attempt to amend her pleadings but instead filed a total of four complaints asserting both admiralty and diversity jurisdiction); *Romero,* 515 F.2d at 1254 (plaintiff could have obtained jury trial by amending rule 9(h) designation in complaint). There is sufficient basis in this case to allow Plaintiff to amend his Complaint.

In the Joint Pretrial Order in this case, the parties allege that jurisdiction is under 28 U.S.C. §§ 1331, 1332, and 1367 and that jurisdiction is not disputed. There is no mention of admiralty or maritime jurisdiction. *See Conti,* 912 F.2d at 817; *Cf. Romero,* 515 F.2d at 1252 (plaintiff not entitled to jury trial where, among other things, the pretrial order stated basis for jurisdiction was "admiralty and maritime"). The only mention of the word "maritime" comes in the stipulations, where both parties stipulate that the substantive law that governs the case is "the general maritime law of the United States." (Joint Pretrial Order at 13.) Also like *Conti,* this case has been on the jury docket since it was filed over a year and a half ago. Although Martin Terminal is correct when it argues that they could not move to strike the jury demand prior to Plaintiff settling with Ensco, the fact

that all parties have assumed that the case would go to the jury indicates that no party is surprised or prejudiced. Martin Terminal is also correct that *Conti* was "sandbagged," a fact not present in this case. *See Conti,* 912 F.2d at 818. Martin Terminal, however, has not shown this Court any evidence that it would be prejudiced by allowing Plaintiff to amend. There is also no prejudice to the Court in allowing the amendment. Plaintiff's motion to amend was filed as soon as Martin Terminal's Motion to Strike was filed. All factors point to granting the amendment and leaving the case on the jury docket.

### III. *Conclusion*

The Court agrees with Martin Terminal that *T.N.T. Marine's* "simple statement" rule applies to this case. That case, however, recognized that the rules are not applied in a vacuum or without thinking. It also stated specifically that Rule 9(h) is not a harsh rule and that courts should understand that the rules on amending complaints still apply. Because there has been no showing of prejudice to either Martin Terminal or the Court, the best course at this stage is to allow Plaintiff to amend his Complaint.

Defendant/Third Party Defendant Martin Terminal's Motion to Strike Plaintiff's Jury Demand is DENIED. Plaintiff's Motion for Leave to File a Second Amended Original Complaint is GRANTED. It is therefore

ORDERED that this case will be tried to a jury.

ORDERED that Plaintiff's Second Amended Original Complaint is deemed filed.